THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TIMOTHY FIDLER, Defendant-Appellee.

Second District    No. 78-194

Opinion filed June 13, 1979.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Elliot Samuels, of Chicago, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

In this case Federal officers conducted a search under the authority of a Federal search warrant. The search warrant was obtained as the result

of electronic eavesdropping which conformed to Federal constitutional and statutory requirements but was in violation of the Illinois eavesdropping statute (Ill. Rev. Stat. 1977, ch. 38, par. 108A—1). During the course of the search the Federal officers discovered evidence which resulted in defendant being charged by indictment with two counts of unlawful possession of a controlled substance and one count of unlawful possession of cannabis.

The defendant filed a motion to suppress this evidence and the trial court granted the motion, holding that our Illinois eavesdropping statute must be strictly construed, and that "[s]trict construction of the statute and the mandate of the State Constitution require that the fruit of the illegal search under Illinois law, even though legal by federal standards, be suppressed and banned from evidence in any prosecution in the State courts." The State appeals this order.

The issue is whether evidence seized by Federal officers as the result of eavesdropping which conforms to Federal constitutional and statutory requirements, but not with section 108A—1 of the Illinois Eavesdropping statute, can be used against the defendant in a State court proceeding.

The salient facts are as follows: Federal postal authorities tapped the phone of an informant, with the informant's knowledge and consent, and recorded conversations between the informant and the defendant indicating that stolen postal money orders were in the defendant's possession at his home. The wiretap had been authorized by the Chief Postal Inspector in Washington, D.C., and it is undisputed that the wiretap was lawful under title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§2510-2520 (1970)), and that the procedure employed did not violate the fourth amendment. (See *United States v. White* (1971), 401 U.S. 745, 28 L. Ed. 2d 453, 91 S. Ct. 1122, *rehearing denied* (1971), 402 U.S. 990, 29 L. Ed. 2d 156, 91 S. Ct. 1643.) Using the information obtained from the wiretap, a United States postal inspector obtained a search warrant from a Federal magistrate, authorizing postal inspectors to search the defendant's residence for the stolen money orders. For security, the postal inspectors arranged for Winthrop Harbor police officers to be outside the defendant's home during the search. The Federal officers searched the house and also obtained written consent from the defendant's wife to search the defendant's car. The postal inspectors did not find the stolen money orders, but they did find the controlled substances and cannabis which were the subject of the defendant's suppression motion, during their search of the defendant's home and car.

Our Illinois statute provides:

"The State's Attorney may authorize an application to a circuit judge for, and such judge may grant in conformity with this

Article, an order authorizing or approving the use of an eavesdropping device by a law enforcement officer or agency having the responsibility for the investigation of any felony under Illinois law where any one party to a conversation to be monitored, or previously monitored in the case of an emergency situation as defined in this Article, has consented to such monitoring." Ill. Rev. Stat. 1977, ch. 38, par. 108A—1.

Since no application was made to any circuit judge for an order authorizing a wiretap, and no State's Attorney was even informed of the wiretap, it is clear that the postal authorities did not comply with the requirements of the Illinois statute. It has been held that a failure by the police and State's Attorney to follow the procedures of the statute taints any evidence obtained as a result of the eavesdropping, regardless of whether the procedure employed violated the defendant's fourth amendment rights or not. *People v. Porcelli* (1974), 25 Ill. App. 3d 145.

The difference between this case and *Porcelli* is that in this case the eavesdropping was conducted entirely by Federal officers who complied with the applicable Federal statute, and acted pursuant to an investigation of a violation of Federal law.

The purpose of the exclusionary rule is to deter law enforcement officers from violating the constitutional rights of citizens by removing the incentive for disregarding such rights. (See, *e.g., Mapp v. Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684.) The suppression order in this case did not serve this end, however, since the actions of the Federal postal authorities, pursuing a wholly Federal investigation, were entirely lawful, and the record contains no hint of collusion between Federal and State authorities seeking to avoid the limitations of the Illinois Eavesdropping Statute. The only result of the entry of the suppression order in this case is that it prevents highly probative evidence from being available to the finder of fact in a criminal trial. In our view, the order constituted an unwarranted extension of the exclusionary rule and must therefore be reversed. See *Commonwealth v. Bennett* (1976), 245 Pa. Super. 457, 369 A.2d 493; but see also *People v. Jones* (1973), 30 Cal. App. 3d 852, 106 Cal. Rptr. 749, *appeal dismissed* (1973), 414 U.S. 804, 38 L. Ed. 2d 40, 94 S. Ct. 163.

The order of the circuit court of Lake County granting the defendant's suppression motion is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.