THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVEN R. WINCHELL, Defendant-Appellant.

Fifth District    No. 5—84—0041

Opinion filed January 13, 1986.

Randy E. Blue and E. Joyce Randolph, both of State Appellate De-
fender's Office, of Mt. Vernon, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle and
Stephen E. Norris, both of State's Attorneys Appellate Service Commission,
of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Steven R. Winchell, was convicted after a trial by jury in the circuit court of Jefferson County of the offense of theft over $300. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1.) He was sentenced to a 10-year term of imprisonment and ordered to pay both a $200 fine and $130 restitution costs to the Division of Criminal Investigation. On appeal, he urges that he is entitled to a new trial, and that his sentence requires modification.

Criminal charges were brought against the defendant after his participation in a sale of stolen calculators to undercover agents was filmed during a "sting" operation established by the Illinois Division of Criminal Investigation (DCI) in conjunction with the Federal Bureau of Alcohol, Tobacco, and Firearms. A videotape of the transaction was shown to the jury, without sound, and two undercover agents testified as to what had occurred. John Keating, a Federal agent, testified that three men, including the defendant, came in to the duplex where the "sting" operation had been set up on the evening of March 21, 1983. After defendant's companions placed the calculators on a coffee table, Agent Keating asked if they had any trouble getting the machines. The defendant replied that they had not. When Keating asked if the calculators would be reported stolen, all three men answered that the report would occur the next morning. Price negotiations followed, and a price of $65 for each of the three men was agreed upon. During the discussion, Keating testified, the defendant stated that he had functioned as a look-out during the theft of the calculators.

DCI Agent Kevin Stallard described the events on the tape in narrative form as it was being shown to the jury a second time. Stallard corroborated Keating's testimony, and stated that he saw the defendant pocket his $65 share, along with $15 which the three men indicated they wanted to pay to the driver involved in the theft.

Taking the stand in his own defense, Winchell stated that on the evening in question he had been an innocent companion to the two men he was with. He testified that he drove to a specified house to pick up the other two men, who loaded boxes into the trunk of his car. He did not realize that the items were stolen until he heard the conversation in the duplex. He claimed that when the others began discussing money, he told them he had had nothing to do with the stolen property. He admitted to taking $15 for his driving services but denied receiving $65.

Over the defendant's objection, the State presented the audio portion of the videotape in rebuttal of defendant's testimony. In his clos-

ing argument, the prosecutor pressed the jury to consider defendant's testimony in comparison to what they heard on the tape. After a very brief deliberation, the jury returned a verdict of guilty.

Defendant contends on appeal that the trial court committed prejudicial error by permitting the State to present the audio portion of the tape, in violation of the statutory proscription against eavesdropping. (Ill. Rev. Stat. 1983, ch. 38, par. 14—1 *et seq.*) The eavesdropping statute prohibits the use of an eavesdropping device to record all or part of any conversation unless all parties to the conversation consent or unless one party consents and prior judicial authorization is obtained in accordance with statutory directives. Ill. Rev. Stat. 1983, ch. 38, pars. 14—2, 108A—1.

It is undisputed that defendant's activities were recorded without his consent and without judicial approval. The State contends, however, that Illinois case law supports the admission of the tape, despite the statutory noncompliance. In *People v. Fidler* (1979), 72 Ill. App. 3d 924, 391 N.E.2d 210, the State challenged the trial court's granting of defendant's motion to suppress evidence seized by Federal officers during a search which resulted from electronic eavesdropping. The eavesdropping was conducted in accordance with Federal requirements but failed to conform to the directives of the Illinois eavesdropping statute. Reversing the trial court's suppression of the evidence, the court reasoned that, because the actions of the Federal officers were lawfully pursued in the course of a wholly Federal investigation, and because there was no collusion between State and Federal authorities to circumvent the State requirements, the exclusionary rule did not mandate suppression of the evidence seized, which was highly probative and should have been available to the trier of fact. 72 Ill. App. 2d 924, 926, 391 N.E.2d 210, 211.

In a later case, *People v. Manna* (1981), 96 Ill. App. 3d 506, 421 N.E.2d 542, the defendant attempted to avoid the rule set forth in *Fidler* by arguing that, when Federal and State agents are engaged in a joint investigatory enterprise, noncompliance with the Illinois eavesdropping statute requires suppression of electronically obtained evidence. The court rejected the defendant's argument, reasoning again that, in the absence of collusion among the authorities to evade the State law, suppression was not required.

■ The eavesdropping in the instant case was carried out by both State and Federal agents, who complied with Federal law but ignored the Illinois directives. This fact arguably sets apart the present circumstances from those in the cited cases. However, because the record is devoid of any collusion to avoid the Illinois requirements, and

none has been suggested, we believe that the analysis of the court in *Manna* and *Fidler* requires us to conclude that the tape recording of defendant's conversation with the undercover agents was properly admitted into evidence.

An additional concern has influenced our decision in the present case. The statutory provision which prohibits the admission of evidence illegally obtained by eavesdropping (Ill. Rev. Stat. 1983, ch. 38, par. 14—5) is intended to protect individuals from unwarranted invasions of privacy. Defendant has attempted to invoke that protection for purposes of contradicting facts which the State was prevented from demonstrating in its case in chief. The shield provided by constitutional or statutory safeguards cannot and must not be converted into an opportunity for a defendant to perjure himself impunibly while the prosecution remains shackled by a rule of exclusion. See *Harris v. New York* (1971), 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643; *Walder v. United States* (1953), 347 U.S. 62, 98 L. Ed. 503, 74 S. Ct. 354.

■ ■ Defendant also seeks a modification of his sentence. First, he contends that the trial court's order requiring him to pay restitution to the DCI was improper because that agency is not a "victim" within the meaning of the statute authorizing restitution in the disposition of criminal cases. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6.) In accord with defendant's contention is *People v. Evans* (1984), 122 Ill. App. 3d 733, 461 N.E.2d 634. In that case, the court held that the Multi-County Drug Enforcement Group was not a "victim" for purposes of the restitution provision because "[w]here public monies are expended in the pursuit of solving crimes, the expenditure is part of the investigating agency's normal operating costs." (122 Ill. App. 3d 733, 740, 461 N.E.2d 634, 639.) The rule in *Evans* dictates that the restitution order in the instant case be rejected and the restitution order is hereby vacated. We also note that, despite the State's argument that the waiver rule applies here because defendant did not object to the restitution order at the trial level, the order is reviewable because it was void and may be attacked for the first time on review. 122 Ill. App. 3d 733, 740, 461 N.E.2d 634, 639.

■ Finally, defendant requests additional credits against his fine and prison term because, he argues, although the presentence investigation report indicates that he spent four days in custody, the court's order allowed a credit of one day of time served. The actual text of the presentence investigation report does not support defendant's claim and in any event, the court properly relied on the sheriff's certificate of time served in determining the credit to be given defendant.

Except for the vacation of the restitution order as indicated above, the conviction and sentence of the defendant are affirmed.

Vacated in part; affirmed in part.

KASSERMAN, P.J., and JONES, J., concur.