THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
VINCENT HODGE, Defendant-Appellee.

First District (5th Division)   No. 1—90—3163

Opinion filed October 11, 1991.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Carol L. Gaines, and Carmen K. Aguilar, Assistant State's Attorneys, of counsel), for the People.

Robert A. Novelle and Philip M. Angelini, both of Serpico, Novelle & Navigato, Ltd., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant, Vincent Hodge, was charged by indictment with two counts of unlawful use of a firearm by a felon. He filed a motion to suppress certain tape-recorded conversations for the failure of a Fed-

eral agent to comply with Illinois eavesdropping laws. (Ill. Rev. Stat. 1989, ch. 38, pars. 14–1 *et seq.*, 108A–1.) The trial court granted defendant's motion, and the State now appeals.

At the suppression hearing, Mitchell Wido, a special agent with the United States Bureau of Alcohol, Tobacco and Firearms (ATF), testified that in December 1988 he began an investigation of defendant, a convicted felon, regarding his suspected sale of firearms. Defendant had provided a confidential informant with his pager number and requested that the informant call him back "when he had money." After learning of this conversation, Wido applied to ATF for electronic surveillance material consisting of a telephone induction coil, a transmitter and a tape recorder. ATF approved Wido's request on December 5, 1988.

According to a report prepared by Wido, the confidential informant purchased an Iver-Johnson .38 caliber revolver from the defendant on December 7, 1988. Wido conducted a tape-recorded "overhear" of that purchase. Wido testified that he made no attempt prior to the overhear to comply with the Illinois eavesdropping statutes.

On December 8, Wido contacted ATF Firearms Technology Branch Officer Cohen, who informed Wido that the manufacturing date of the Iver-Johnson revolver could not be determined. Thus, the weapon could not qualify as a "firearm" under the Federal firearms statute and could not be used as the basis for Federal jurisdiction over the offense.

Wido testified that on December 9 and December 10, 1988, he made two more recordings of conversations between defendant and the confidential informant, again without first complying with the directives of the Illinois eavesdropping law. He testified that he believed, despite his discussion with Officer Cohen, that there were still Federal grounds on which to prosecute defendant, under laws governing dealing in firearms while engaged in a business.

In March 1989 Wido submitted a report of his investigation to the United States Attorney's office, which subsequently declined Federal prosecution of defendant's case. That office also instructed Wido to contact the State's Attorney's office and to turn his reports over to an assistant State's Attorney for prosecution.

Wido then swore out a warrant for defendant's arrest in the circuit court, and on August 2, 1989, defendant was arrested by Cicero police. The parties stipulated that the assistant State's Attorney's file reflected that Wido's first communication with the State's Attorney's office occurred August 29, 1989. Wido denied making any State or local police agency aware of the specifics of his investigation in the be-

ginning stages. However, he stated that he may have contacted such agencies to request defendant's photograph or "rap sheet."

On August 20, 1990, defendant moved to suppress the contents of his recorded conversations on the ground that they were the product of collusion between Wido and State authorities to evade compliance with State eavesdropping laws. (See Ill. Rev. Stat. 1989, ch. 38, par. 108A—9(a).) The trial court granted his motion, and the State now appeals.

■■ The Illinois eavesdropping statute prohibits the use of an eavesdropping device to record all or part of any conversation unless all parties to the conversation consent or one party consents and prior judicial authorization is obtained in accordance with statutory requirements. (Ill. Rev. Stat. 1989, ch. 38, pars. 14—2, 108A—1; *People v. Winchell* (1986), 140 Ill. App. 3d 244, 246, 488 N.E.2d 620.) In the instant case, there is no dispute that defendant's conversations of December 7, 9 and 10 were recorded without his consent and without judicial approval. Nevertheless, the State contends that the conversations were improperly suppressed in this case under the authority of *People v. Winchell* and the cases cited therein.

■■ In *Winchell*, the trial court permitted the State to introduce videotaped evidence procured jointly by State and Federal agents. The appellate court held that the evidence was properly admitted because the agents had complied with Federal law and the record was devoid of any evidence of collusion to avoid Illinois statutory requirements. (*Winchell*, 140 Ill. App. 3d at 246-47.) In *People v. Fidler* (1979), 72 Ill. App. 3d 924, 391 N.E.2d 210, cited to in *Winchell*, the court reversed the trial court's suppression order, finding that the eavesdropping had been conducted in accordance with Federal directives, that the actions of the Federal officers were lawfully pursued in the course of a wholly Federal investigation, and that no evidence of collusion existed. In *People v. Manna* (1981), 96 Ill. App. 3d 506, 516, 421 N.E.2d 542, also cited in *Winchell*, the court held that evidence gathered jointly by Federal and State authorities, although not in compliance with the Illinois eavesdropping statute, was admissible in absence of evidence of collusion. See also *People v. Accardo* (1990), 195 Ill. App. 3d 180, 551 N.E.2d 1349 (compliance with a foreign State's requirements sufficient, absent evidence of collusion to circumvent Illinois eavesdropping requirements).

The State maintains that in this case, as in the cases cited above, the recordings of defendant were admissible because they were made pursuant to a Federal investigation and because there was no hint of collusion in the record. We agree.

There is no written order in the record reflecting an express finding by the trial court that Federal and State agents colluded to avoid Illinois statutory requirements. Rather, the record shows that the trial court heard evidence on the motion to suppress on August 20, 1990, and reserved judgment until October 9, 1990, at which time it delivered an oral decision. Orally, the court granted defendant's motion to suppress, stating:

> "All though [*sic*] eaves dropping [*sic*] proceedings conducted by the Federal agents may be admitted in state and criminal proceedings without adhering to the state's statutory requirements, said proceedings must be free of any and all collusion by federal and state agents if the statutory requirements are to be satisfied. That was not the case in this incident.
>
> The Federal and the State did elude [*sic*] to avoid the Illinois requirements."

■ According to Webster's Third New International Dictionary 446 (1986), the word "collude" means "to connive with one another; conspire; plot" and the word "collusion" means "secret agreement; secret cooperation for a fraudulent or deceitful purpose." Despite the trial court's ruling, we can find no evidence in this case that the State and Federal agents connived with one another, plotted or conspired to evade the Illinois law on eavesdropping. There is merely evidence that the two agencies cooperated with each other toward the end of determining whether Hodge violated State or Federal gun laws. Such cooperation should be encouraged by the court, not deterred under the guise of a conspiracy or plot to evade the State criminal code.

We conclude that the cited cases require a reversal of the trial court's granting of defendant's motion to suppress and a remandment of the case for further proceedings.

Reversed and remanded.

LORENZ, P.J., and McNULTY, J., concur.