[Cite as *State v. Hana*, 2024-Ohio-5548.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-07-059 |
| | : | O P I N I O N |
| - vs - | | 11/25/2024 |
| | : | |
| BRANDON GEORGE HANA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22CR39038

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

CiceroAdams, LLC, and Anthony R. Cicero, for appellant.

**PIPER, J.**

{¶1} Appellant, Brandon George Hana, appeals the decision of the Warren County Court of Common Pleas denying his motion to suppress the drug evidence against him, following which he pled no contest and was convicted on one count of second-degree felony trafficking in marijuana. For the reasons outlined below, we affirm the trial court's decision to deny Hana's motion to suppress.

**Facts and Procedural History**

**{¶2}** On February 28, 2022, the Warren County Grand Jury returned an indictment charging Hana with one count of second-degree felony trafficking in marijuana in violation of R.C. 2925.03(A)(2), one count of second-degree felony possession of marijuana in violation of R.C. 2925.11(A), and one count of fifth-degree felony possessing criminal tools in violation of R.C. 2923.24(A). The charges arose following a joint investigation conducted by both state and federal authorities into allegations that Hana, along with two codefendants, were coordinating the distribution of approximately 73 pounds of marijuana in Warren County, Ohio. This investigation included the execution of several federal search warrants that were issued by federal magistrate judges whose respective territorial jurisdiction included areas in Florida, California, Ohio, and Michigan.[1]

**{¶3}** Hana was arraigned on March 11, 2022 and entered a plea of not guilty to all three of the above-named charges. Several months later, on October 11, 2022, Hana filed a motion to suppress with a supporting memorandum that spanned a total of 113 pages. As part of his supporting memorandum, Hana argued the execution of the federal search warrants at issue in this case was improper because the federal magistrate judges who signed off on the warrants were not operating under Ohio state law, but federal law, when issuing the search warrants. Hana also argued that any evidence obtained during the execution of those federal search warrants should be inadmissible in his state court prosecution because those warrants were signed by federal magistrate judges rather than Ohio state judges.

**{¶4}** On February 22, 2023, the trial court held a hearing on Hana's motion to

---

1. We note that the Florida search warrant was issued for Hana's cellphone records, the California search warrant was issued for records pertaining to Hana's Instagram account, and the Michigan search warrant was issued for Hana's primary residence.

suppress. No testimony or evidence was presented at this hearing. The trial court instead heard arguments from both of the parties. The following month, on March 28, 2023, the trial court issued an extraordinarily detailed and impressively researched 25-page decision and entry denying Hana's motion to suppress. In so doing, the trial court rejected Hana's argument that the federal search warrants signed off on by a federal magistrate judge—as opposed to an Ohio state judge—were void ab initio. In so doing, the trial court stated, in pertinent part, the following:

> Ohio law is clear, a search warrant is void ab initio if not signed by a judge prior to the search. . . . [Federal law] is [also] clear that a federal magistrate judge has the authority to execute a federal search warrant [pursuant to 28 U.S.C. 636(a)(1) and Fed.R.Crim.P. 41(b)].

{¶5} The trial court therefore concluded that Hana's argument challenging the validity of the federal search warrants was misplaced and not well taken because a federal magistrate judge, "within his authority and jurisdiction," executed the federal search warrants at issue in this case. The trial court also rejected Hana's argument wherein he claimed the federal search warrants were not supported by probable cause. This is in addition to the trial court rejecting Hana's argument challenging the admissibility of the evidence obtained during the execution of those federal search warrants in his state court prosecution. The trial court referred to this as the "reverse silver platter doctrine." In so holding, the trial court noted that:

> [c]ourts in a number of states have concluded that evidence lawfully obtained by federal officials, under a federal investigation meeting federal standards, may be used in a subsequent state prosecution even though state law would not have permitted the same type of search.

{¶6} The trial court reached this decision based, in part, on the oft cited decision issued by the Supreme Court of New Jersey in *State v. Mollica*, 114 N.J. 329, 554 A.2d 1315 (1989), a decision in which that court "endorse[d] the principle that federal officers

acting lawfully and in conformity to federal authority are unconstrained by the State Constitution, and may turn over to state law enforcement officers incriminating evidence, the seizure of which would have violated state constitutional standards." *Id.* at 355. Based on the Supreme Court of New Jersey's decision in *Mollica*, as well as other decisions by courts in the states of Washington, Illinois, Texas, and Massachusetts, the trial court went on to find:

> the reasoning in the foregoing cases persuasive. When a bona fide federal investigation leads to a valid federal search, but the evidence is later turned over to state authorities for a state prosecution, we do not believe deterrence or judicial integrity necessarily require a reexamination of the search under standards that hypothetically would have prevailed if the search had been performed by state authorities.
>
> . . .
>
> Here, there were valid search warrants issued by federal magistrate judges to federal officers conducting a federal investigation. Federal law enforcement agents from the FBI were seeking federal warrants. The FBI was working with another federal agency, the Drug Enforcement Agency, and subsequently began working with the Warren County Drug Task Force, which contains state and federal law enforcement actors. Although state officers were later enlisted to help, the record is devoid of any evidence that this was an attempt to bypass the requirements of Ohio law.[2]

**{¶7}** The trial court thereafter concluded by finding:

> Under the combination of circumstances in the case at bar, this Court cannot say that the admission of the results of the search warrants either rewarded unlawful police conduct or undermined the integrity of Ohio courts. Rather, it accorded a proper recognition to the bona fide actions of the federal government pursuant to that government's lawful authority, including the official acts of a federal magistrate judge.

---

2. The cases from the states of Washington, Illinois, Texas, and Massachusetts relied upon by the trial court were *State v. Gwinner*, 796 P.2d 728 (Wash.App. 1990); *People v. Fidler*, 391 N.E.2d 210 (Ill.App. 1979); *State v. Toone*, 823 S.W.2d 744 (Tex.App. 1992); and *Commonwealth v. Brown*, 925 N.E.2d 845 (Mass. 2010).

**{¶8}** On June 1, 2023, Hana entered into a plea agreement with the state that obligated him to plead no contest to one count of second-degree felony trafficking in marijuana in violation of R.C. 2925.03(A)(2). The trial court accepted Hana's plea of no contest and, on July 5, 2023, sentenced Hana to serve an indefinite sentence of five-to-seven-and-one-half years in prison, less three days of jail-time credit. The trial court also ordered Hana to pay a $7,500 fine and court costs. This was in addition to the trial court notifying Hana that he would be subject to a mandatory term of postrelease control for a period of up to three years, but not less than 18 months, upon his release from prison.

### Hana's Appeal and Single Assignment of Error for Review

**{¶9}** On July 27, 2023, Hana filed a notice of appeal. Following briefing, oral argument was held before this court on November 4, 2024. Hana's appeal now properly before this court for decision, Hana has raised one assignment of error for review challenging the trial court's decision to deny his motion to suppress.[3] To support this claim, Hana argues the trial court "misapprehend[ed] the gravity of the issues presented" within his motion. Those issues being, the ramifications of state police bypassing "crucial portions" of Ohio law by seeking the assistance of federal authorities in their investigation, thus rendering the resulting prosecution of the defendant in state court a "federal action" violative of the Ohio constitution. The trial court's misapprehension, according to Hana, resulted in the trial court tacitly approving the "unconstitutional investigational process" that resulted in his arrest and eventual conviction. We disagree.

### Motion to Suppress Standard of Review

**{¶10}** "Appellate review of a ruling on a motion to suppress presents a mixed

---

3. We note that, within his appellate brief, Hana attempts to enlist our sympathy by claiming he was sent to prison for trafficking a drug that is now legal in Ohio. However, although it is legal for adults to possess small quantities of marijuana in Ohio, it is not now, nor has it ever been, legal to coordinate the sale and distribution of nearly 73 pounds of the drug within this state.

question of law and fact." *State v. Turner*, 2020-Ohio-6773, ¶ 14, citing *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility." *State v. Green*, 2022-Ohio-101, ¶ 7 (12th Dist.). "Therefore, when reviewing a trial court's decision on a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Stout*, 2021-Ohio-1125, ¶ 11 (12th Dist.). "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 2007-Ohio-3353, ¶ 12 (12th Dist.). "This means 'the appellate court must decide the legal questions independently, without deference to the trial court's decision.'" *State v. Mendonca*, 2023-Ohio-1780, ¶ 12 (12th Dist.), quoting *State v. Banks-Harvey*, 2018-Ohio-201, ¶ 14.

**Hana's First Issue**

{¶11} Hana raises four issues for this court's consideration. In his first issue, Hana argues the trial court erred by denying his motion to suppress because, according to Hana, "evidence obtained from federal warrants may only be introduced in an Ohio court if the federal warrants comply with Ohio law on the questions of the proper person to issue the warrant and territorial jurisdiction." Although strangely worded, within his first issue, Hana is arguing both that the trial court erred by finding (1) the federal search warrants executed in this case were valid, and not void ab initio, even though they were issued by federal magistrate judges rather than by an Ohio state judge; and (2) the evidence obtained from those federal search warrants was admissible in his state court prosecution even though the warrants were issued by federal magistrate judges rather than by an Ohio state judge. We find no merit to either of Hana's arguments.

**{¶12}** Hana's first argument is easily disposed of for it is clear that a federal magistrate judge has the authority to execute a federal search warrant within the magistrate judge's territorial jurisdiction pursuant to 28 U.S.C. 636(a)(1) and Fed.R.Crim.P. 41(b). A federal magistrate judge does not need authority under the law of the state in which the magistrate judge sits to issue a federal search warrant within the magistrate judge's territorial jurisdiction. That authority is instead provided to him federally, by the federal government, via 28 U.S.C. 636(a)(1) and Fed.R.Crim.P. 41(b). Therefore, while certainly a novel argument, such argument nevertheless lacks merit.

**{¶13}** Hana's second argument also lacks merit. Just as the trial court found, the admissibility of the evidence obtained through the execution of those federal search warrants neither rewarded unlawful police conduct nor undermined the integrity of Ohio courts so as to warrant that evidence's exclusion from Hana's state prosecution. Rather, that evidence's admissibility accorded a proper recognition to the bona fide actions of the federal government pursuant to the federal government's lawful authority. This includes the official acts of a federal magistrate judge. Therefore, Hana's second argument also lacks merit. Accordingly, for the reasons outlined above, and having rejected both of Hana's arguments raised herein, Hana's request that this court hold that "evidence obtained from federal warrants may only be introduced in an Ohio court if the federal warrants comply with Ohio law on the questions of the proper person to issue the warrant and territorial jurisdiction" is denied.

### Hana's Second Issue

**{¶14}** In his second issue, Hana argues the trial court erred by denying his motion to suppress because the "jurisdictional limits" of Fed.R.Crim.P. 41(b) "were violated by the federal warrants in this case." More specifically, Hana argues the federal search warrants issued in this case pursuant to the Stored Communications Act, 18 U.S.C. 2703,

were violative of Fed.R.Crim.P. 41(b) because they allowed for the search and seizure of evidence located outside of the federal magistrate judge's territorial jurisdiction. Hana's argument is flawed, however. This is because, as noted by the trial court, 18 U.S.C. 2703(a) plainly authorizes a federal magistrate judge to issue a warrant for electronic communication information to the "provider of electronic communication service" when "issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation."

{¶15} "Rule 41(b) deals with substantive judicial authority—not procedure—and thus does not apply to § 2703(a)." *United States v. Berkos*, 543 F.3d 392, 398 (7th Cir. 2008); *see, e.g., United States v. Kernell*, 2010 U.S. Dist. LEXIS 32802, *10 (E.D. Tenn. Apr. 2, 2010) (rejecting defendant's argument that "all warrants issued pursuant to 18 U.S.C. § 2703(a), including the warrants issued in this case, must come under Rule 41 and must comply with all of Rule 41, including subsection [b]"). The rule itself provides that it "does not modify any statute regarding search or seizure, or the issuance and execution of a search warrant in special circumstances." Fed.R.Crim.P. 41(a)(1). To the extent Hana claims otherwise, such argument is meritless. Therefore, for these reasons, Hana's second issue presented for review is also denied.

**Hana's Third Issue**

{¶16} In his third issue, Hana argues the trial court erred by denying his motion to suppress because the federal search warrants issued in this case were not based upon probable cause and/or based on the "unconstitutional warrants that preceded them." To support this claim, Hana argues the federal search warrants at issue were instead based on "rampant speculation," "old" and "conclusory information," indicating that he was "actually a drug dealer." However, as the trial court found, when reviewing the totality of the information contained in the supporting affidavits, which included information from

several different informants, all of which was based on personal knowledge, along with the officers' independent corroboration of the information that was provided to them by those informants, it is clear that the federal magistrate judge had substantial basis to find there was probable cause to issue each of the federal search warrants at issue in this case. Therefore, contrary to Hana's claim, we find no error in the trial court's decision finding the federal search warrants issued in this case were based on probable cause and/or not based on the alleged "unconstitutional warrants that preceded them." Accordingly, Hana's third issue presented for review lacks merit and is denied.

### Hana's Fourth Issue

{¶17} In his fourth issue, Hana argues the trial court erred by denying his motion to suppress because the federal search warrant issued for his Instagram account was overbroad and lacked sufficient particularity. However, just as the trial court found, the search warrant issued for Hana's Instagram account was tailored to those "specific aspects" of Hana's Instagram account that would "likely produce evidence" of his criminal conduct given the plethora of evidence indicating Hana used his Instagram account to communicate with others in order to traffic drugs. Therefore, again contrary to Hana's claim, we find no error in the trial court's decision finding the federal search warrant issued for his Instagram account was neither overbroad nor lacking sufficient particularity. Accordingly, Hana's fourth issue presented for review lacks merit and is denied.

### Conclusion

{¶18} For the reasons outlined above, and finding no merit to any of the four issues raised by Hana herein, Hana's single assignment of error challenging the trial court's decision to deny his motion to suppress is overruled.

**{¶19}** Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.