THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT McGRATH, Defendant-Appellant.
Second District   No. 2—87—0823

Opinion filed May 5, 1989.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Following a bench trial defendant, Robert McGrath, was found guilty of two offenses of delivery of less than 10 grams of cocaine and one offense of possession with intent to deliver more than 30 grams of a substance containing cocaine. Defendant was sentenced to three years' imprisonment in the Department of Corrections on each of the delivery offenses, six years' imprisonment for the possession offense, all to run concurrently, and he was also fined $12,000 and ordered to pay restitution in the amount of $800 to the Northeast Metropolitan

Enforcement Group. On appeal, defendant contends that the trial court erred (1) in permitting the State to reinstate charges which had been dismissed pursuant to plea negotiations after defendant withdrew his earlier plea of guilty to lesser charges, when defendant had not been advised under Supreme Court Rule 605(b)(4) (107 Ill. 2d R. 605(b)(4)) that such reinstatement was possible if he withdrew his guilty plea; (2) in ordering defendant to pay restitution to the Northeast Metropolitan Enforcement Group (NEMEG); and (3) in finding defendant guilty beyond a reasonable doubt of possession of over 30 grams of cocaine with intent to deliver.

Defendant initially had entered into a plea agreement with the State under which he agreed to cooperate in the prosecution of the cases against his codefendants, and the State agreed to amend the Class X possession charge to a Class 1 offense and to nol-pros a Class X conspiracy charge. The agreement further provided that, upon his plea of guilty to the reduced offenses, the trial court would determine the sentences to be imposed. On September 18, 1986, defendant pleaded guilty to the two counts charging delivery of less than 10 grams of cocaine, Class 2 offenses, and to the amended count charging possession of cocaine with intent to deliver as a Class 1 offense, and the Class X conspiracy charge was dismissed. The trial court sentenced defendant to four years' imprisonment for the Class 1 possession offense and three years' imprisonment for each of the Class 2 delivery offenses, the terms to be served concurrently. The court also assessed a fine of $1,000 against defendant.

Defendant's motion to reconsider the sentences was denied by the trial court, and he then filed a timely motion to withdraw his pleas of guilty pursuant to Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). After a hearing, the trial court found that in admonishing defendant prior to accepting his pleas of guilty, as is required by Supreme Court Rule 402 (107 Ill. 2d R. 402), the court had neglected to advise him that by pleading guilty he waived the right to trial by jury (see 107 Ill. 2d R. 402(a)(4)), and defendant was allowed to withdraw the guilty pleas. On motion by the State's Attorney, all charges which had been dismissed or amended pursuant to the plea agreement were then reinstated. Defendant subsequently moved to dismiss the reinstated charges on the ground he had not been admonished prior to withdrawing the guilty pleas that on doing so the State could reinstate and set for trial charges which had been reduced or dismissed under a plea agreement. (107 Ill. 2d R. 605(b)(4).) Defendant's motion was denied.

After a bench trial heard on stipulated evidence, the trial court

found defendant guilty of the two Class 2 charges of delivery of less than 10 grams of cocaine and guilty of the reinstated Class X charge of possession with intent to deliver more than 30 grams of cocaine. Defendant was found not guilty of the reinstated conspiracy charge. *The fines and sentences noted earlier were imposed, and defendant appeals.*

We consider first whether the failure to advise defendant that, upon withdrawing his pleas of guilty, the charges which had been dismissed under his plea agreement with the State may be reinstated requires reversal of the present convictions and sentences.

Defendant contends that absent such advice, which is required under Supreme Court Rule 605(b)(4), he could not make a knowing and intelligent evaluation of the risks involved in withdrawing his guilty pleas. Defendant argues that the State should not have been allowed to reinstate the original charges, which were reduced or dismissed under the plea agreement, because the court did not advise defendant that could occur. The remedy urged by defendant is the reversal of his conviction and sentence for the Class X felony of possession with intent to deliver more than 30 grams of cocaine, and remand for resentencing for the convictions of the Class 2 felonies of delivery of less than 10 grams of cocaine. Alternatively, defendant suggests that the sentences be vacated and the cause remanded for resentencing pursuant to the plea agreement.

The State contends, without reference to relevant case authority, that although defendant was not advised that if he withdrew his negotiated guilty pleas the former charges could be reinstated, the law remains that such dismissed charges may be reinstated and set for trial. The State urges that defendant's convictions and sentences be affirmed.

Supreme Court Rule 605(b) states:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, *the trial court shall advise the defendant substantially as follows*:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, *a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty*, setting forth his grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

*(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;*

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." (Emphasis added.) 107 Ill. 2d R. 605(b).

The State and defendant do not dispute the fact that when he entered the guilty pleas under the plea agreement the trial court neglected to admonish him as to his right to a jury trial, as is required under Supreme Court Rule 402(a)(4). Nor was defendant advised at the time of sentencing under his plea of guilty, as is required by Supreme Court Rule 605(b)(4), that, should he withdraw the plea, the original charges against him could be reinstated, if requested by the State. The parties also appear to agree that the failure to admonish defendant of his right to trial by jury required that he be allowed to withdraw his guilty plea, if defendant wished to do so. (See *People v. Culbertson* (1987), 162 Ill. App. 3d 319, 321-22, 515 N.E.2d 465.) The State and defendant do not agree, however, as to what consequences, if any, must follow from the failure to advise defendant of the possible reinstatement of the original charges should he withdraw the negotiated plea of guilty. Neither the parties nor our research has disclosed a case in which the issue at hand was directly addressed.

The consequence to defendant in this case of withdrawing the negotiated plea of guilty, and being tried and convicted under the original charges, was one conviction of a more serious offense and more severe penalties than were imposed under the plea agreement. While it seems to us unusual that the trial court would overlook the Rule 605(b)(4) advice to defendant directed to be given by our supreme court, it is also unusual that neither the assistant State's Attorney nor defendant's counsel saw fit to call that oversight to the attention of the court when defendant was sentenced. On this record, defendant chose to withdraw his plea of guilty, as he was allowed to do because of the other oversight in admonishing him noted earlier, and go to trial apparently believing that it would be only on the reduced charges under the aborted plea agreement rather than on the original charges.

In *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, the court noted, in another context, that "Rules 402, 604(d) and 605(b), which

concern guilty pleas, are meant to mesh together not only to ensure that defendant's constitutional rights are protected, but also to avoid abuses by defendants. \*\*\* [The rules] have been constructed to conform this State's criminal justice system to Federal constitutional standards and to avoid some of the excesses that both the State and defense counsel occasionally employ while they attempt to zealously represent their opposing interests. \*\*\* These rules are not written in a vacuum and they represent our best efforts at ordering the complex and delicate process of plea bargains and guilty pleas." 124 Ill. 2d at 103-04.

In *People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886, the State nol-prossed a felony charge as part of a plea agreement and defendant entered a guilty plea to a misdemeanor. After sentencing, defendant appealed, and the guilty plea was vacated for failure of the trial court to comply with the requirements of Rule 402 (50 Ill. 2d R. 402) in accepting the guilty plea. The dismissed felony was reinstated after remand, and defendant was convicted of that offense on retrial. Our supreme court discussed the process of plea bargaining and agreements, noting that Rules 604 and 605 (58 Ill. 2d Rules 604, 605) allow a defendant to move to withdraw a guilty plea, but that "the defendant must be warned that dismissed charges may be reinstated by the State if the motion to withdraw a plea is allowed." (*McCutcheon*, 68 Ill. 2d at 107.) In *People v. Walker* (1981), 84 Ill. 2d 512, 419 N.E.2d 1167, defendant initially entered a plea of guilty to the offenses of murder, attempted murder, armed robbery, and armed violence under a plea agreement that the prosecutor would recommend a 60-year prison term. The trial court accepted the plea but did not, at that time, enter the sentence, and the admonitions of Supreme Court Rule 605(b) were never given to defendant (84 Ill. 2d at 516.) Shortly thereafter defendant moved to withdraw his guilty plea on the ground he did not understand the process and was not fully advised of the term he would have to serve. The court granted defendant's motion, and, subsequently, he entered an unnegotiated plea of guilty to the indictment before another judge and was sentenced to death. Although the court discussed *Walker* in terms of prosecutorial vindictiveness, a matter not present here, it concluded that an increased penalty where defendant has successfully pursued a right afforded by law could not stand where he had not been given notice that could occur. 84 Ill. 2d at 522-23; see also *People v. Johnson* (1981), 102 Ill. App. 3d 1056, 1061, 430 N.E.2d 207; *People v. Dorsey* (1984), 129 Ill. App. 3d 52, 55-56, 471 N.E.2d 1053.

Supreme Court Rule 605(b)(4), the requirements of which

were not observed by the trial court after sentencing defendant, is designed to advise a defendant who has pleaded guilty of his right to appeal under Rule 604(d) and of the prerequisite step that he first seek to withdraw the guilty plea on the ground of error presented to the trial court. A corollary to the court granting defendant leave to withdraw his guilty plea is the advice required under Rule 605(b)(4) that if defendant's motion is allowed, the State may cause to be reinstated any charges dismissed under a plea agreement with defendant, and they will be set for trial. If the requirement that a defendant must be advised of this possible consequence of withdrawing a negotiated plea of guilty may be overlooked or ignored, it could become a trap for an unwary defendant, and that may have occurred in the present case. If he has not been so informed, a defendant cannot make a considered judgment whether he should seek to set aside the convictions and sentences already imposed under a plea agreement, at risk of convictions and greater sentences for more serious offenses which were dismissed under the plea agreement. This factor is a component of every plea agreement if, for whatever reason, a defendant is permitted to reject the agreement he made and withdraw his guilty plea. There is no basis apparent to us upon which this segment of the rules governing guilty pleas may properly be withheld from defendant's knowledge.

■ We conclude that the convictions from which this appeal is taken must be reversed and the penalties imposed vacated. So too must be vacated the order granting defendant's motion to withdraw his guilty pleas under the plea agreement and the order which then reinstated the original charges. The case then stands procedurally at the point at which the trial court should have advised defendant under Supreme Court Rule 605(b)(4). The trial court will, on remand, advise defendant pursuant to the rule and defendant will then be in a position to understandingly seek, or not, the withdrawal of his pleas of guilty under the plea agreement.

■ As this case may be retried on the original charges in the event defendant chooses to withdraw his pleas of guilty under the plea agreement, we have also considered whether the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt under the standards set forth in *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366. We find that, if believed by the trier of fact, the evidence was sufficient to sustain the convictions from which this appeal was taken.

■ We also consider the $800 defendant was ordered to pay as restitution to NEMEG and find it to be erroneous. The NEMEG,

which expends public funds on criminal investigations, is not a "victim" within the meaning of the statute authorizing the payment of restitution by defendants to victims in criminal cases. Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—6; *People v. Evans* (1984), 122 Ill. App. 3d 733, 740, 461 N.E.2d 634; *People v. Winchell* (1986), 140 Ill. App. 3d 244, 247, 488 N.E.2d 620.

Accordingly, the judgments of conviction will be reversed and sentences vacated; the order permitting withdrawal of defendant's pleas of guilty under the plea agreement will be vacated, together with the order reinstating the dismissed or reduced original charges against defendant; the cause is remanded for further proceedings in accordance with this opinion.

Reversed, vacated in part, and remanded.

INGLIS and WOODWARD, JJ., concur.