THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL E. CHANEY, Defendant-Appellant.
Third District   No. 3—88—0759

Opinion filed September 5, 1989.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Michael E. Chaney, pled guilty to one count of unlawful delivery of more than 30 but less than 500 grams of a substance containing cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 705(d)). The trial court sentenced him to a term of five years in prison, ordered him to pay a mandatory fine plus court costs, and ordered him to pay $225 in restitution. The defendant filed a motion to withdraw his guilty plea, which the court denied. He now appeals, arguing that the trial court erred in ordering him to pay $225 in restitution.

The State agrees with the defendant's position. The only fact relevant to the issue is that the $225 restitution figure was the amount the Department of Criminal Investigation of the Illinois State Police paid the defendant for the cannabis its agent purchased from him.

Section 5—5—6 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—6) provides that the trial court may in certain instances order a convicted defendant to pay restitution to his victim in an amount not to exceed the actual out-of-pocket expenses or loss to the victim proximately caused by the defendant's conduct. However, where public money is expended in pursuit of solving crimes, the expenditure is part of the investigatory agency's normal operating costs and the agency is not considered a "victim" for purposes of restitution. (*People v. Evans* (1984), 122 Ill. App. 3d 733, 461 N.E.2d 634.) A trial court's improper restitution order is void and may be attacked at any time. *People v. Winchell* (1986), 140 Ill. App. 3d 244, 488 N.E.2d 620.

We agree with the defendant and the State that the instant restitution award to the department was improper, because an investigatory agency is not a victim for purposes of restitution. Further, as noted in *Winchell*, the defendant is not barred from attacking the order on appeal, despite his failure to object to it in the trial court. Accordingly, we vacate the $225 restitution order and affirm the remainder of the defendant's conviction and sentence.

336

The judgment of the circuit court of Whiteside County insofar as it orders the defendant to pay $225 in restitution is vacated; the remainder of the circuit court's judgment is affirmed.

Affirmed in part and vacated in part.

HEIPLE and STOUDER, JJ., concur.