THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SUSAN J. DERENGOSKI, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID C. BAUMANN, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NANCY BEATTY, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JENNIFER M. MOTON, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VICKI MILLER, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHAD STRITTMATTER, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER P. WENDT, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW WILLIAM WATSON, Defendant-Appellant.

Fourth District  Nos. 4—92—0943, 4—92—0944, 4—92—0991, 4—92—1034, 4—92—1035, 4—92—1037, 4—93—0172, 4—93—0176 cons.

Argued July 21, 1993.—Opinion filed July 29, 1993.

Daniel D. Yuhas (argued), of State Appellate Defender's Office, of Springfield, for appellants.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On our motion these cases are consolidated for disposition because they present identical issues common to several or all defendants.

These convictions arose following the arrest of 73 people, including defendants, who staged a protest at a medical facility in Champaign which provides abortion services. Each defendant was convicted of criminal trespass to real property in violation of section 21—3(a) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 21—3(a)) and no question is raised about the sufficiency of those convictions. In addition, four defendants—Derengoski, Beatty, Wendt, and Watson—were convicted of resisting a peace officer in violation of section 31—1 of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 31—1). Each

defendant, as part of the sentence he or she received, was ordered to pay $68.50 in restitution to the Champaign police department, which represents the proportionate share of the additional costs the department incurred in policing the protest.

On appeal, the defendants convicted of resisting a peace officer contend the informations by which they were charged were duplicitous and void. In addition, all defendants challenge the restitution order contending the Champaign police department is not a "victim" within the meaning of the restitution statute. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6.) We affirm the convictions and reverse the restitution awards.

The informations charging defendants Derengoski, Beatty, Wendt, and Watson are substantively identical. They state that the offense of resisting a peace officer was committed:

> "in that said defendant knowingly resisted the performance of John Gnagey, Wayne Roosevelt, Roosevelt, Brent Colclasure, Jeff Jolley, Rob Morris, Jeff Munds, Thomas Walton, John Schweighart, James Summers, Donald Carter, Melinda Kumler, *and/or* Donald Shepard, of an authorized act within their official capacity, namely: the arrest and booking of defendant knowing John Gnagey, Wayne Roosevelt, Brent Colclasure, Jeff Jolley, Rob Morris, Jeff Munds, Thomas Walton, John Schweighart, James Summers, Donald Carter, Melinda Kumler, and/or Donald Shepard to be peace officers engaged in the execution of their official duties, in that defendant lay limp and had to be lifted and carried from the property located at 301 E. Springfield Ave., Champaign, Illinois, by stretcher." (Emphasis added.)

The only deviation from the quoted language involves the inclusion of the name of an additional police officer, Michael Paulus, in the informations pertaining to defendants Wendt and Watson.

Relying upon *People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340, and its progeny, defendants contend that the use of the disjunctive "or" with respect to the particular police officers whom defendants may have resisted rendered the charges duplicitous and void. We disagree.

In *Heard*, the supreme court held that a charge which follows the language of the statute defining the crime and uses the disjunctive "or" will not be sufficient where the statute names disparate and alternative acts, any of which will constitute the offense. (*Heard*, 47 Ill. 2d at 504, 266 N.E.2d at 342.) The rationale for the rule is that the use of the disjunctive in charging specific acts which are clearly dis-

parate and alternative causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing. (*Heard*, 47 Ill. 2d at 504-05, 266 N.E.2d at 342.) In *Heard*, for example, defendant was charged with gambling in that she set up or promoted a policy game or sold or offered to sell or transferred or knowingly possessed either a ticket or a policy ticket. Similarly, in *People v. Capitol News, Inc.* (1990), 137 Ill. 2d 162, 174-75, 560 N.E.2d 303, 308-09, the supreme court concluded that a charge that defendants "sold or delivered" an obscene magazine was duplicitous because the charged acts were disparate and alternative and either one of them would have constituted a distinct offense.

■ No such problem arises in this case. The single act with which defendants were charged was they resisted a peace officer by lying limp, requiring that they be lifted and carried from the property of the clinic. The identity of the particular peace officer or officers whom each defendant resisted is not an element of the offense. All that is required is that any police officer be resisted in the manner charged. For this reason, the charge is not duplicitous because it does not allege disparate or alternative elements of the offense. *People v. Baugh* (1986), 145 Ill. App. 3d 133, 139, 495 N.E.2d 688, 692.

Next, each defendant challenges the restitution award which ordered reimbursement of $68.50 to the Champaign County police department for the *pro rata* expenses the department incurred in effectuating the arrest of all of the protestors. At the various sentencing hearings, evidence was introduced that the Department incurred substantial manpower costs in controlling the demonstration which resulted in the arrest of 73 people. Among these costs, totalling $5,000.92, were $3,293.97 in overtime salary for police officers, $221.39 for a SWAT team, $1,032 for summoning the fire department, $168 to feed the police officers, and $85.56 in overtime for a clerk to subsequently calculate the expenses incurred by the Department.

The State concedes that the vast weight of authority has held that a police department or government agency is not considered a "victim" within the meaning of the restitution statute (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6). (*People v. Chaney* (1989), 188 Ill. App. 3d 334, 544 N.E.2d 90; *People v. Winchell* (1986), 140 Ill. App. 3d 244, 488 N.E.2d 620; *People v. Gaytan* (1989), 186 Ill. App. 3d 919, 542 N.E.2d 1163; *People v. Evans* (1984), 122 Ill. App. 3d 733, 461 N.E.2d 634; *People v. Lawrence* (1990), 206 Ill. App. 3d 622, 565 N.E.2d 322; *People v. McGrath* (1989), 182 Ill. App. 3d 389, 538 N.E.2d 855.) The stated rationale in each of these cases is that where public money is expended in pursuit of solving crimes, the expendi-

ture is part of the investigatory agency's normal operating costs and the agency in not considered a "victim" for purposes of restitution. *Chaney*, 188 Ill. App. 3d at 335, 544 N.E.2d at 91.

Notwithstanding this authority, the State asserts, without citation to authority, that this precedent is without statutory "textual foundation" and, in any event, these overtime expenses are extraordinary expenditures for which the State ought to be reimbursed. However, as the court stated in *Evans*, it would "strain the commonly accepted understanding of the word 'victim' so as to include the [governmental] agency" (*Evans*, 122 Ill. App. 3d at 740, 461 N.E.2d at 639), when public monies are expended in the pursuit of solving crime or maintaining the public order.

The authority cited by the State, *People v. Strebin* (1991), 209 Ill. App. 3d 1078, 568 N.E.2d 420, and *People v. Gray* (1992), 234 Ill. App. 3d 441, 600 N.E.2d 887, is readily distinguishable. In each of those cases, restitution was awarded to a public agency which paid for medical or counseling services rendered to a direct victim of the crime. The rationale for providing restitution in those cases was premised on statutory language permitting restitution to unnamed victims and insurers which provide, without cost, services to an indigent victim for injuries related to a defendant's criminal behavior. To hold otherwise, the court concluded, would render the actual victim's indigence a fortuitous occurrence for the defendant, freeing him from a financial obligation he would otherwise bear had the actual victim paid the out-of-pocket expenses directly.

■ In this case, no such situation is present. There is no "private" victim who is being made whole by the government for criminal conduct. These expenses were incurred solely as a result of the police department's ongoing, normal duty to maintain public order. To the extent the public may be entitled to a "remedy," the court is entitled to consider imposing a fine upon a defendant, an authorized disposition for these offenses. (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—9—1(a)(2), (a)(3).) Because the trial court erred in awarding restitution to the Champaign police department, that portion of its orders is reversed.

For the foregoing reasons, defendants' convictions and sentences, except for the restitution order, are affirmed. The restitution orders are reversed.

Affirmed in part; reversed in part.

KNECHT and COOK, JJ., concur.