THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE FOX, Defendant-Appellant.

First District (6th Division)   No. 1—97—2665

Opinion filed August 21, 1998.

QUINN, J., dissenting.

Rita A. Fry, Public Defender, of Chicago (Hugh Stevens, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Allan Goldenberg, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant Andre Fox was convicted of possession of a stolen motor vehicle in violation of section 4—103 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/4—103(a)(1) (West 1996)). The trial court then sentenced defendant to three years' probation, six months in jail satisfied by time served on electronic monitoring, $900 in probation fees, $235 in court costs, and $500 in restitution.

As a matter of first impression, the sole issue on appeal is whether the sentence of restitution, as provided in the Unified Code of Corrections (730 ILCS 5/5—5—6 (West 1996) (as amended by Pub. Act 89—689, eff. December 31, 1996)), applies to a conviction for possession of a stolen motor vehicle, an offense codified in the Vehicle Code. We find that restitution is not authorized by statute for such offense and, therefore, vacate the restitution portion of defendant's sentence.

At trial the State presented evidence that about 9 p.m. on June 16, 1996, defendant and two other men (Darius Fox, defendant's son, and Calvin Griffin, a friend of defendant's son) were arrested while seated in a car that had been reported stolen on June 12, 1996. The stolen car was a 1989 Buick. At the time of the arrest, defendant was in the driver's seat and the car was running. The rear vent window of the car had been broken and the steering column had been peeled.

Defendant and Darius Fox testified that on the evening of June 16, 1996, they were in the process of moving to a new residence with

the help of Darius' friend Calvin Griffin. Defendant owned and was using a 1985 Ford on that evening. Darius also secured help from a friend named Leroy Arrington to move boxes, and Arrington arrived in the stolen 1989 Buick. According to defendant and Darius, when the police arrived at the scene, the three arrestees (defendant, Darius and Calvin) were around defendant's Ford, not in the stolen Buick, and Arrington ran away after exiting the Buick.

The jury convicted defendant of possession of a stolen motor vehicle. On June 7, 1997, the trial court imposed his sentence, including $500 in restitution.

On appeal, defendant asserts that the sentence of restitution for the offense of possession of a stolen motor vehicle is not authorized by statute and, thus, the trial court exceeded its authority in imposing such a sentence.

■ As a threshold matter, we reject the State's argument that defendant waived this issue for failure to object to the restitution award and failure to challenge the correctness of the sentence within 30 days. "A trial court's improper restitution order is void and may be attacked at any time." *People v. Chaney*, 188 Ill. App. 3d 334, 335 (1989) (the restitution award was vacated as improper because an investigatory agency is not a "victim" for purposes of restitution). In the present appeal, defendant directly contests the authority of the trial court to order restitution and, thus, the issue is not waived. *People v. Thornton*, 286 Ill. App. 3d 624, 632 (1997) (the restitution award was vacated); see also *People v. Rayburn*, 258 Ill. App. 3d 331, 335 (1994) ("[r]eviewing courts have considered questions regarding restitution orders as a matter of plain error").

The Vehicle Code sets forth the offense of possession of a stolen motor vehicle (625 ILCS 5/4—103(a)(1) (West 1996)) and classifies the conviction of such offense to be a Class 2 felony for purposes of sentencing (625 ILCS 5/4—103(b) (West 1996)).

■ The Unified Code of Corrections defines "offense" as "conduct for which a sentence to a term of imprisonment or to a fine is provided by *any law* of this State or by any law, local law or ordinance of a political subdivision of this State, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same." (Emphasis added.) 730 ILCS 5/5—1—15 (West 1996). The Unified Code of Corrections lists specific options as "appropriate dispositions *** for all felonies." 730 ILCS 5/5—5—3(b) (West 1996). Among the appropriate sentencing options is "[a]n order directing the offender to make restitution to the victim under Section 5—5—6 of this Code." 730 ILCS 5/5—5—3(b)(7) (West 1996). Section 5—5—6 of the Unified Code of Corrections is entitled "Restitution." 730 ILCS 5/5—5—6 (West 1996) (hereinafter referred to as the restitution provision).

■ At the time defendant was sentenced on June 27, 1997, the restitution provision stated, in relevant part, as follows:

> "In all convictions for offenses in violation of the Criminal Code of 1961 in which the person received any injury to their person or damage to their real or personal property as a result of the criminal act of the defendant, the court shall order restitution as provided in this Section." 730 ILCS 5/5—5—6 (West 1996) (as amended by Pub. Act 89—689, eff. December 31, 1996).

■ Where the language in a statute is clear and unambiguous, we are not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). In particular, "[c]riminal or penal statutes are to be strictly construed in favor of an accused and nothing should be taken by intendment or implication beyond the obvious or literal meaning of [the] statute." *Woodard*, 175 Ill. 2d at 444. Even assuming there is an ambiguity in a statute pertaining to criminal matters, the ambiguity must be resolved in favor of the defendant. *People v. Daniels*, 172 Ill. 2d 154, 163 (1996). A court cannot extend the application of a criminal or penal statute "to cases which do not, by the strictest construction, come under their provisions." *People v. Parvin*, 125 Ill. 2d 519, 525 (1988).

■ The plain language of the restitution provision in effect at the time of defendant's sentencing authorized restitution only for offenses contained in the Criminal Code of 1961 (720 ILCS 5/1—1 *et seq.* (West 1996)). The offense of possession of a stolen motor vehicle is contained in the Vehicle Code, not the Criminal Code of 1961. Accordingly, the restitution provision, as codified in the Unified Code of Corrections, did not authorize the sentence of restitution for the offense of possession of a stolen motor vehicle.

■ The State argues that the version of the restitution provision in effect at the time the instant offense was committed in June 1996 could be interpreted as allowing the sentence of restitution for the offense of possession of a stolen motor vehicle. The State bases its position on the wording that referred to "all other cases." The June 1996 version of the restitution provision stated, in relevant part, as follows:

> "In all convictions for offenses in violation of the Criminal Code of 1961 committed against any person 65 years of age or older in which the person received any injury to their person or damage to their real or personal property as a result of the criminal act of the defendant, and in cases where the defendant is convicted of looting under Section 42—1 of the Criminal Code of 1961, the court shall order restitution as provided in this Section. *In all other cases,*

except cases in which restitution is required under subdivision (b), the court shall at the sentence hearing determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense. If the court determines that an order directing the offender to make restitution is appropriate the offender may be sentenced to make restitution which shall be determined by the Court as hereinafter set forth." (Emphasis added.) 730 ILCS 5/5—5—6 (West Supp. 1995).

While we might consider the language "in all other cases" to include offenses set forth in other laws, such as the Vehicle Code, the choice is not ours to make. A defendant is entitled to elect to be sentenced under the law as it existed at the time of the offense or under the law at the time of sentencing. *People v. Abraham*, 257 Ill. App. 3d 587, 597-98 (1993); *People v. Andrews*, 95 Ill. App. 3d 595, 600 (1981); *People v. Anderson*, 93 Ill. App. 3d 646, 655-56 (1981). Accordingly, in the present case, we confine our decision to the restitution provision in effect in June 1997, *i.e.*, the time of defendant's sentencing. At that time the relevant provision did not include the less restrictive wording of "all other cases" but rather expressly limited restitution only to "convictions for offenses in violation of the Criminal Code of 1961."

■ Primarily, the State urges us to uphold the restitution order based on the provision in the Vehicle Code that authorizes the imposition of a compensation award (625 ILCS 5/4—108 (West 1996)). The State argues that the trial court's use of the term "restitution" instead of "compensation award" is a distinction without a designation.

The compensation provision in the Vehicle Code provides:

"(b) Any person who is convicted of any offense under Chapter 4 of this Act, in addition to any other fines or penalties provided therein, may be required to compensate the victim, if known, involved in the related offense, for any loss that the victim sustains to his person or property.

(c) The amount and method of payment of the compensation award shall be determined at the time of the conviction.

(d) For purposes of this Section, 'victim' shall mean the owner or other legally entitled person." 625 ILCS 5/4—108 (West 1996).

We decline to adopt the semantic reasoning urged upon us by the State. To be sure, both the compensation provision and the restitution provision involve comparable penalties (money), common purposes (to repay a victim for certain damage) and the use of similar terms (compensation and restitution). Nevertheless, to accept the State's position of a distinction without a designation for the purpose of upholding a sentence that is statutorily invalid we would have to interchange two distinct sets of laws (the Vehicle Code and the Unified Code of

Corrections) and two separate statutory penalty provisions (restitution and compensation) and, thereby, permit, by judicial decision, the very acts that the legislature codified separately. "[I]t is the legislature, and not this court, which defines sentencing policy. It is this court's responsibility to interpret and apply statutes in the manner in which they are written. Indeed, if this court were to ignore the clear provisions of a statute in favor of what it believed to constitute proper policy, this court would be improperly engaging in judicial lawmaking." *People v. Robinson*, 172 Ill. 2d 452, 462 (1996); see also *People v. Tucker*, 167 Ill. 2d 431, 437 (1995).

Moreover, the sole authority proffered by the State to support its position is the well-established legal principle that a reviewing court "can sustain the decision of a lower court for any appropriate reason, regardless of whether the lower *** court's reasoning was correct." *People v. Novak*, 163 Ill. 2d 93, 101 (1994). This axiom does not aid or support the State's argument because, as conceded by the State, the record is completely silent as to the issue of damages. Although the police testified that the stolen car had a broken rear window and a peeled steering column, the record is void of any information as to the $500 figure selected by the trial court. Thus, we cannot possibly ascertain "any appropriate reason" from the silent record in the instant case.

In conclusion, we observe that the compensation provision in the Vehicle Code clearly is available for sentencing purposes on a conviction for possession of a stolen motor vehicle. However, the sentence of restitution for the offense of possession of a stolen motor vehicle is not authorized by either the Vehicle Code or the Unified Code of Corrections. Therefore, we vacate the restitution order in the present case.

Vacated.

ZWICK, J., concurs.

JUSTICE QUINN, dissenting:
As the majority concludes, "(T)he compensation provision in the Vehicle Code clearly is available for sentencing purposes on a conviction for possession of a stolen motor vehicle." 298 Ill. App. 3d at 931. The preprinted form probation order at issue reads in pertinent part: "Make Restitution to James Jones in the amount of $500." The majority vacates this portion of the order because the word "Restitution" should have read "Compensation." This is truly a distinction without a difference.

I also believe that this issue has been waived in the present case.

All of the cases cited by the majority on the issue of waiver were decided before our supreme court's decision in *People v. Reed*, 177 Ill. 2d 389 (1997), requiring that sentencing issues be raised in the trial court in order to preserve those issues for appellate review. As pointed out in *Reed*, requiring a written postsentencing motion allows the trial court the opportunity to review a defendant's contention of sentencing error and gives the appellate court the benefit of the trial court's reasoned judgment in those issues.

Here, the defense raised no objection in the trial court to the sufficiency of the evidence as to the amount of monetary loss suffered by the victim, nor did the defense object to being ordered to pay "restitution" as opposed to "compensation." If the majority believes that there is insufficient evidence in the record as to the issue of damages, the proper remedy is to remand the case to the trial court for a further hearing. *People v. Sharp*, 185 Ill. App. 3d 340, 349 (1989).

Of course, such a remandment would not be necessary had the defense filed the required written postsentencing motion. Such motions have been required even when the defendant is challenging only a fine or restitution. *People v. Fontana*, 251 Ill. App. 3d 694, 704 (1993), citing *People v. Albert*, 243 Ill. App. 3d 23 (1993).

Finally, the majority cites *People v. Abraham*, 257 Ill. App. 3d 587 (1993), for the proposition that a defendant is entitled to elect to be sentenced under the law as it existed at the time of the offense or under the law at the time of sentencing. The law in effect at the time of Abraham's sentencing was significantly more severe (possible prison sentence of 5 to 30 years) than at the time she committed the aggravated battery (possible prison sentence of 3 to 7 years). While I do not question that the defendant in the case *sub judice* could have elected to be sentenced under the version of section 5—5—6 in effect at the time he was sentenced, he did not make such an election. The majority made the election for him more than a year after his sentencing hearing.

Even if the majority were correct in its holding that the use of the word "restitution" rather than "compensation" is plain error and therefore defendant's failure to file a written postsentencing motion is not a waiver, defendant's failure to object to the amount of the damages owed or to elect to be sentenced under the newest version of section 5—5—6 requires that this case be remanded to the trial court on these issues.

In sum, I believe the sentencing issues which were raised for the first time on appeal have been waived. If they have not been waived, then the use of the word "restitution" rather than "compensation" is harmless error if it is error at all. If both of these positions are rejected,

the sentencing issue as to damages to be paid to the victim should be remanded to the trial court for determination. Therefore, I dissent.