No. 2-08-1249        Filed:  12-3-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--142 |
| JAMES A. BREXTON, | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, James A. Brexton, was convicted of burglary (720 ILCS 5/19--1(a) (West 2006)) and sentenced to seven years' imprisonment after withdrawing a guilty plea to felony retail theft for which he was sentenced to five years' imprisonment.  Defendant argues that his burglary conviction should be vacated because: (1) the State's act of charging him with burglary after he withdrew his guilty plea constituted prosecutorial vindictiveness; (2) he relied upon the admonishments of Supreme Court Rules 605(b)(3) and (b)(4) (210 Ill. 2d Rs. 605(b)(3), (b)(4)), which did not warn him of the State's filing of new charges; and (3) his right to a speedy trial was violated.  We agree that the State acted with vindictiveness, and we vacate and remand for further proceedings consistent with this opinion.

I. BACKGROUND

On April 27, 2006, defendant was charged by complaint with two counts of retail theft (720 ILCS 5/16A--3(a) (West 2006)). The complaint alleged that defendant knowingly took possession of 70 cigars from a BP Super Pantry in Freeport, which cigars had a total value exceeding $150, with the intention of permanently depriving the merchant of the merchandise. The complaint also alleged that defendant had previously been convicted of retail theft on April 20, 2004. Under section 16A--10(2) of the Criminal Code of 1961 (720 ILCS 5/16A--10(2) (West 2006)), count I, which alleged retail theft with a prior conviction, constituted a Class 4 felony. Under section 16A--10(3), count II, which alleged that the stolen property was valued over $150, constituted a Class 3 felony.

On July 24, 2006, the parties discussed a plea agreement in court. The State agreed that if defendant pleaded guilty to count II, it would dismiss count I. The court considered this a blind plea because the State was not really conceding much as defendant could be guilty of only one of the charged counts under the one-act, one-crime doctrine. Thus, if defendant pleaded guilty to the Class 3, the Class 4 would merge. Defendant was admonished of the potential sentence for a Class 3 felony, which was 2 to 10 years' imprisonment (depending upon prior offenses) and 1 year of mandatory supervised release. No agreement had been made regarding defendant's sentence. The State provided the factual basis of the offense. Police were called to the BP Super Pantry due to a shoplifting incident. Police arrived, recognized defendant, and asked him to stop because they saw something with a flat surface in his pants below the knees. Defendant denied taking anything. He then tried to run away. Police took him to the ground and handcuffed him. Numerous cigars were recovered from defendant, and the value was calculated by the store to be $167. Defendant had black sweat pants underneath his jeans. The cigars were inside the sweat pants, which had elastic at the ankles. The State recommended five years' imprisonment. After considering defendant's lengthy

record, the court sentenced defendant to five years' imprisonment and one year of mandatory supervised release. Defendant immediately objected and moved to withdraw his guilty plea. The trial court denied defendant's motion to withdraw after a hearing.

On July 2, 2007, upon defendant's motion for summary reversal and remand, this court vacated the trial court's postplea ruling and remanded the cause because the trial court failed to properly admonish defendant pursuant to Rule 605(b) (210 Ill. 2d R. 605(b)). On November 2, 2007, upon remand and with the assistance of counsel, Mark Zaleski, defendant moved to withdraw his guilty plea. After a hearing, the trial court granted defendant's motion to withdraw his guilty plea, vacated his conviction, and placed the case on the trial docket.

On January 4, 2008, the State filed an amended information, adding one burglary count (720 ILCS 5/19--1(a) (West 2006)), alleging the same facts--that defendant entered the Super Pantry in Freeport with the intent to commit a theft. The trial court advised defendant on January 4 that the burglary charge was a Class 2 felony with an imprisonment range of 3 to 14 years and 2 years of mandatory supervised release. Defendant, although represented by counsel, objected pro se to the State's filing of the burglary count when the only charges pending prior to his plea were the two retail theft charges. The court advised him, "that's something that if you wish to argue that, that can be argued at another time." The court advised that the additional count could be the subject of a motion of some sort. No motion pertaining to this additional count was filed. Other pretrial motions were filed on defendant's behalf. At a hearing on February 28, 2008, defense counsel confirmed that defendant wanted to proceed with the scheduled trial date and that, if his pretrial motions could not be heard by then, counsel would withdraw, as defendant wanted to be tried within 120 days.

The matter went to trial on March 4, 2008. The jury returned guilty verdicts on all three counts. Defendant moved for a new trial, arguing in part that the State acted with prosecutorial vindictiveness in filing the additional burglary charge after defendant's guilty plea was withdrawn. On June 3, 2008, the trial court heard the motion. Defendant testified as follows. He was originally charged with retail theft and represented by attorney Doug Clymer, and he entered a blind guilty plea. The trial court sentenced him to five years' imprisonment. After the sentencing, defendant moved to withdraw his plea. Attorney Zaleski was appointed to represent defendant on appeal. Defendant was told by Zaleski that the State was going to pursue a burglary charge when he filed his motion to withdraw his plea upon remand from the appellate court. Zaleski questioned defendant as follows:

"Q. Okay, so I told you that--when we were negotiating the motion to withdraw guilty plea I told you that the State was informing me they would file a burglary charge, correct?

A. Right.

Q. And at this point it is your position that you feel that the State had retaliated against you as being vindictive based on the fact that you were allowed to withdraw your guilty plea and that's what you wanted to do, correct?

A. Yes, sir. I was exercising my right to an appeal upon the fact that I was coerced into a plea agreement that was an improper sentence."

On cross-examination, defendant acknowledged that, prior to the hearing on his motion to withdraw, he was orally advised by Zaleski that the State intended to pursue a burglary charge. Defendant denied that he was aware prior to his initial plea that the State intended to pursue a burglary charge.

Assistant State's Attorney (ASA) Joseph Lentz testified that he agreed to dismiss a retail theft charge that was pending against defendant involving a Family Dollar store in exchange for defendant's blind guilty plea to the Class 3 felony charge. If the case did not settle, Lentz contemplated pursuing a burglary charge against defendant. Lentz identified a letter he wrote, dated November 7, 2007, and addressed to Zaleski, in which he advised Zaleski that if defendant were allowed to withdraw his guilty plea, Lentz would consider filing a burglary charge against him. Lentz had no recollection of whether defendant or Clymer was aware of the potential burglary charge prior to entering the guilty plea.

On June 13, 2008, the trial court denied defendant's motion. The trial court rephrased the issue before it as whether it could sentence defendant to a term in excess of the five years that he originally received upon the guilty plea. The court determined that it was allowed to do so.

After a change in defense counsel and an amended motion for a new trial, which the trial court denied, the trial court proceeded to sentencing. The trial court sentenced defendant to seven years' imprisonment. Defendant filed a motion to reconsider his sentence. At that hearing, though represented by attorney Jennifer Fransen, defendant himself complained to the trial court that he was admonished at his original guilty plea proceeding that if he withdrew his plea the State could proceed with the charges pending when he pleaded guilty, which did not include the burglary charge. The trial court denied defendant's motion, and defendant timely appealed.

## II. ANALYSIS

We first consider defendant's claim of prosecutorial vindictiveness. The facts involved in this claim are interesting. When defendant pleaded guilty, the trial court deemed it a blind guilty plea because the State was not really conceding anything. Later, during the hearing on defendant's motion

for a new trial, ASA Lentz testified that he agreed to dismiss a retail theft charge involving a Family Dollar store in exchange for defendant's plea. This would seemingly constitute a partially negotiated guilty plea, whereby defendant agreed to plead in exchange for a dismissal of a charge against him. See People v. Linder, 186 Ill. 2d 67, 77 (1999) (Freeman, C.J., specially concurring). Regardless, upon defendant's withdrawal of his guilty plea, the State did not seek to reinstate the dismissed retail theft charge involving the Family Dollar; rather, it added the more serious charge of burglary for the Super Pantry incident. Defendant argues that the State acted with vindictiveness when it filed the additional charge of burglary after he successfully exercised his right to withdraw his guilty plea. We agree with defendant.

Blackledge v. Perry, 417 U.S. 21, 27, 40 L. Ed. 2d 628, 634, 94 S. Ct. 2098, 2102 (1974), stated that due process is "not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.' " In Blackledge, the defendant was convicted after a bench trial of a misdemeanor assault offense and sentenced to a six-month sentence. The defendant then appealed because under North Carolina law he was entitled to a trial de novo in the superior court after a conviction in the district court. Blackledge, 417 U.S. at 22, 40 L. Ed. 2d at 631, 94 S. Ct. at 2100. After the defendant filed his notice of appeal but prior to his appearance for the new trial, the prosecutor charged the defendant with a felony assault offense for the same conduct as the misdemeanor assault offense. Blackledge, 417 U.S. at 22, 40 L. Ed. 2d at 631, 94 S. Ct. at 2100. The defendant was convicted and sentenced to a term of five to seven years' imprisonment to be served concurrently with the identical prison sentence he was then serving. Blackledge, 417 U.S. at 23, 40 L. Ed. 2d at 631-32, 94 S. Ct. at 2100. The Court explained that a prosecutor has a considerable stake in discouraging defendants from obtaining new trials upon appeal

because doing so would require increased prosecutorial efforts and costs. "[I]f the prosecutor has the means readily at hand to discourage such appeals--by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy--the State can insure that only the most hardy defendants will brave the hazards of a de novo trial." Blackledge, 417 U.S. at 27-28, 40 L. Ed. 2d at 634, 94 S. Ct. at 2102. The Court reasoned that, since the fear of vindictiveness might unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, a defendant must be allowed to pursue his statutory right to a new trial "without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." Blackledge, 417 U.S. at 28, 40 L. Ed. 2d at 634-35, 94 S. Ct. at 2102-03. Thus, the Court vacated the conviction of the felony offense.

In line with the holding in Blackledge was our supreme court's holding in People v. Walker, 84 Ill. 2d 512 (1981). In Walker, 84 Ill. 2d at 520, the defendant withdrew his negotiated guilty plea of murder and was subsequently sentenced to death for an open plea. The defendant argued that the State acted with vindictiveness in seeking death after first agreeing to recommend a 60-year sentence. The trial court had twice admonished the defendant that he faced a range of 40 to 80 years' imprisonment. Walker, 84 Ill. 2d at 514-15. The supreme court agreed with the defendant, holding that vindictiveness principles are triggered when a prosecutor without notice increases the possible sanction for no valid reason after the defendant has exercised a procedural right. Walker, 84 Ill. 2d at 523-24. The court explained how the State may overcome a vindictiveness claim:

"There is also the appearance of vindictiveness, at the minimum to the individual defendant, when a prosecutor changes his mind in the absence of any alteration in the facts other than

a defendant's invocation of a right the law plainly affords. Under any test, then, the prosecutor here is required to point out objective facts which justify a change of mind, as well as to put the defendant on notice prior to withdrawal of his plea what he will face." Walker, 84 Ill. 2d at 524.

The court determined that the State failed to explain its change of mind regarding the death penalty. At the closing argument during the sentencing hearing, the prosecutor said he had been " 'too kind and meek' " with the defendant in his earlier agreement. Walker, 84 Ill. 2d at 524-25. Later, on the motion to withdraw the guilty plea, the State claimed that it was not bound by its earlier agreement and that it may have had an interest in saving taxpayer dollars. Walker, 84 Ill. 2d at 525. The supreme court rejected the State's claims, finding that it had not argued that any new and objective information existed to justify seeking the death penalty that was unavailable at the time of the original plea. Walker, 84 Ill. 2d at 525. The supreme court limited its holding, however, by stating:

"If it were shown on the record in this case that the prosecutor informed defendant from the start that the death penalty would be sought if defendant did not plead guilty, had defendant subsequently pleaded guilty, and then had defendant reneged on that bargain, we would not prevent prosecutors from again seeking to execute him." Walker, 84 Ill. 2d at 525.

Similarly, in People v. Smith, 59 Ill. 2d 236, 242 (1974), the supreme court vacated the defendant's conviction of a felony charge, which the State filed after the defendant withdrew his plea in the circuit court and sought to invoke his statutory right to have the misdemeanor charges adjudicated through the juvenile courts. Like the defendant in Walker, who had no prior notice that he was facing a possible death sentence, and the defendant in Smith, who was charged with a more

serious offense after withdrawing his plea, there is no evidence on the record in this case to suggest that defendant knew the State contemplated charging him with burglary before he entered his plea. ASA Lentz testified that he had no recollection of whether defendant or Clymer was aware prior to entering the guilty plea that a burglary charge was a possibility. The facts supporting the burglary charge were the same as the facts supporting the retail theft charges, and all of those facts were known to the State before defendant entered his guilty plea. The State provided no reason for filing the additional charge other than that ASA Lentz had considered filing it earlier. ASA Lentz testified that he wrote the letter notifying Zaleski about the burglary charge in November 2007, but that letter was sent after defendant succeeded on appeal and filed his motion to withdraw his guilty plea. Defendant testified that he was advised by Zaleski that the State would file a burglary charge if he withdrew his guilty plea, but he was not aware of this when he entered the plea.

Undoubtedly, the State may reinstate charges that were pending or dismissed when a guilty plea was entered, which charges may result in a higher sentence for the defendant. People v. McCutcheon, 68 Ill. 2d 101, 106-07 (1977). Rule 605(b) admonishments certainly address this fact, as they provide that if the defendant's motion to withdraw his guilty plea is allowed:

"(3) *** the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial[.]" 210 Ill. 2d R. 605(b).

As McCutcheon stated, "[i]t is not vindictiveness for the State to reinstate a dismissed charge after the defendant successfully repudiated the guilty plea" that had led to the dismissal as part of the plea

agreement. McCutcheon, 68 Ill. 2d at 109; see also People v. Johnson, 102 Ill. App. 3d 1056, 1062 (1981) (the State was barred by vindictiveness analysis from adding an aggravated battery charge after the defendant succeeded on appeal for new trial on armed robbery charge where facts were all known prior to first trial and the State failed to provide valid reason for pursuing additional charge after appeal). Contrary to the State's arguments, the facts of this case do not suggest that the State dismissed the burglary charge as part of the guilty plea negotiation, as the burglary charge was never filed or even discussed prior to the entry of defendant's guilty plea. The only viable charge that was dismissed pursuant to defendant's guilty plea was the retail theft involving a Family Dollar store.

The State argues that the prosecutor has broad discretion in deciding whether to file charges and which charges to file. This is correct. However, the possibility of vindictive motivation is more likely in charging decisions made after the defendant exercises rights to challenge his conviction than in decisions before trial. People v. Hall, 311 Ill. App. 3d 905, 911 (2000). Where, as here, the prosecution brings additional and more serious charges after the defendant has been convicted, subjecting the defendant to greater sanctions, there is a presumption of vindictiveness. Hall, 311 Ill. App. 3d at 911. No such presumption exists in the pretrial setting, where the prosecutor has broad discretion in charging a defendant. Hall, 311 Ill. App. 3d at 911. However, a guilty plea is a conviction, and thus the situation present here is not akin to a pretrial setting. See People v. Jones, 174 Ill. App. 3d 794, 797 (1988) ("A guilty plea, being itself a conviction, involves the waiver of several constitutional rights and, as a result, due process requires the record affirmatively reflect that the plea was intelligent and voluntary").

We find that our decision is consistent with the principles behind the admonishments of Rule 605(b). As earlier outlined, Rules 605(b)(3) and (b)(4) advise the defendant that, should he be

allowed to withdraw his guilty plea, a trial date will be set on the charges to which the plea of guilty was made, and any charges that were dismissed as part of the plea agreement may be reinstated and set for trial as well. 210 Ill. 2d Rs. 605(b)(3), (b)(4). In People v. McGrath, 182 Ill. App. 3d 389, 391 (1989), the defendant pleaded guilty to two Class 2 offenses and in exchange the State reduced a Class X to a Class 1 charge and dismissed a second Class X charge. The defendant then withdrew his guilty plea, and the State reinstated all charges. The defendant was found guilty of the two Class 2 offenses and one Class X offense and received a greater sentence than when he pleaded guilty. McGrath, 182 Ill. App. 3d at 391-92. On appeal, the defendant argued that he was not admonished that, upon withdrawal of his guilty plea, the State could reinstate the dismissed charges and convict him of the Class X offense. The appellate court agreed and vacated the conviction, stating in part:

"A corollary to the court granting defendant leave to withdraw his guilty plea is the advice required under Rule 605(b)(4) that if defendant's motion is allowed, the State may cause to be reinstated any charges dismissed under a plea agreement with defendant, and they will be set for trial. If the requirement that a defendant must be advised of this possible consequence of withdrawing a negotiated plea of guilty may be overlooked or ignored, it could become a trap for an unwary defendant, and that may have occurred in the present case. If he has not been so informed, a defendant cannot make a considered judgment whether he should seek to set aside the convictions and sentences already imposed under a plea agreement, at risk of convictions and greater sentences for more serious offenses which were dismissed under the plea agreement." McGrath, 182 Ill. App. 3d at 395.

It follows that, if the State may not reinstate charges that were dismissed as part of a plea agreement where a defendant was not properly admonished pursuant to Rule 605(b), then it may not file new

charges where the defendant was not aware of those charges prior to entering his guilty plea and where the State has not raised additional facts or circumstances warranting the new charges. Here, the State could have filed the burglary charge prior to the guilty plea and included the charge in the agreement if it had so desired. The State chose not to do so and has now failed to overcome the presumption of vindictiveness, since it raised no new facts warranting the additional charge.

In support of its position, the State relies on People v. Prince, 186 Ill. App. 3d 1043 (1989). We find the reasoning in Prince flawed, and we decline to follow it. In Prince, the defendant was charged with attempted murder and aggravated battery. Prior to the defendant's trial for these offenses, the State sent a letter to the defendant's attorney, indicating that it intended to prosecute only the attempted murder charge. Prince, 186 Ill. App. 3d at 1046. The case proceeded to trial, but prior to its completion, the defendant agreed to plead guilty to aggravated battery in exchange for the State's dismissal of the attempted murder charge. Prince, 186 Ill. App. 3d at 1046. The defendant then withdrew his guilty plea, and the State proceeded to reinstate the attempted murder and aggravated battery charges and additionally charged the defendant with obstruction of justice, armed violence, and possession of a firearm without a firearm owner's identification card. Prince, 186 Ill. App. 3d at 1046-47. The State argued that it filed the additional charges based on information acquired through the transcripts of the uncompleted trial. The defendant was convicted of armed violence and possession of a firearm.

Despite finding that the defendant forfeited his prosecutorial vindictiveness argument (Prince, 186 Ill. App. 3d at 1054-55), the court determined that the State did not act with vindictiveness when it filed additional charges against him after he withdrew his guilty plea (Prince, 186 Ill. App. 3d at 1055-56). In so holding, the court rejected the defendant's comparison to Blackledge and instead

found the facts comparable to those in United States v. Goodwin, 457 U.S. 368, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982). The court held that, once the defendant withdrew his plea, there was no conviction and the slate was wiped clean, allowing the prosecution to proceed as if no plea ever occurred. The court reasoned that "since a prosecutor is permitted to amend an information at any time prior to trial, providing it does not result in prejudice to the defendant, the prosecutor in this case was within the law in charging the defendant with additional charges prior to trial." Prince, 186 Ill. App. 3d at 1057. Further, the defendant was not charged with a more serious offense, just additional offenses. Prince, 186 Ill. App. 3d at 1057.

We find the reasoning in Prince flawed and inapplicable to the facts of this case. First, defendant in this case contemporaneously objected to the State's filing of the burglary charge and therefore the argument was never forfeited as it was in Prince. Additionally, Prince's reliance on Goodwin was misplaced. In Goodwin, the State and the defendant began plea negotiations but never sealed any deal. The defendant decided that he did not wish to plead guilty. Pretrial proceedings continued against the defendant and additional charges were filed. Goodwin, 457 U.S. at 371, 73 L. Ed. 2d at 79, 102 S. Ct. at 2487. The Goodwin Court distinguished its facts from Blackledge, which found that a presumption of vindictiveness was triggered where more serious charges were filed after a defendant exercised his right to withdraw a plea, by highlighting that the plea negotiations never resulted in an actual guilty plea and were conducted as part of pretrial proceedings. Accordingly, no presumption of vindictiveness could be made. Goodwin, 457 U.S. at 380-81, 73 L. Ed. 2d at 85, 102 S. Ct. at 2492-93. While the Goodwin decision foreclosed the defendant's right to a presumption of vindictiveness in a pretrial setting, it held that the defendant could still prove actual vindictiveness, which he failed to do. Goodwin, 457 U.S. at 384, 73 L. Ed. 2d at 87, 102 S. Ct. at 2494.

Unlike in Goodwin, the defendant had entered a guilty plea in Prince, and therefore Prince was not a case that required a demonstration of actual vindictiveness. Because the legal analysis in Prince is unsound, we do not find it persuasive. The State's other cited cases do not involve prosecutorial vindictiveness claims and are therefore also unpersuasive. See People v. Algee, 228 Ill. App. 3d 401 (1992) (involving allegation the State did not fulfill its sentencing promise in plea deal); see also People v. Pittman, 316 Ill. App. 3d 245 (2000); People v. Miller, 286 Ill. App. 3d 297 (1997); People v. Adams, 169 Ill. App. 3d 312 (1988); People v. Seipel, 108 Ill. App. 2d 384 (1969) (involving harsher sentences imposed on same or previously charged offenses where the defendants withdrew their guilty pleas). We acknowledge that defendant in this case may ultimately receive a harsher sentence on the retail thefts, as the range for the retail thefts exceeded the five years that he received after his plea. But, prior to withdrawing his guilty plea, he was admonished pursuant to Rule 605(b) of the fact that the State could proceed on any charges that were pending when his plea was entered or that were dismissed as part of the plea. The cases relied upon by the State did not address the actual issue in this case--that the State filed an additional and more serious charge after defendant's withdrawal of his plea, thereby subjecting him to a longer potential sentence than the retail thefts threatened.

Accordingly, based on Blackledge and Walker, we believe there was a presumption of vindictiveness in the State's filing of the more serious burglary charge after defendant withdrew his guilty plea, and the State failed to overcome that presumption. We therefore vacate the burglary conviction and remand this cause for sentencing on the retail theft charges.[1] Because we resolve this

---

[1]Under one-act, one-crime principles, defendant may be sentenced on only one count of retail theft, and the other count must merge.

appeal on the issue of prosecutorial vindictiveness, we need not address defendant's arguments that the burglary conviction must be vacated because of improper admonishments and speedy trial violations.

## III. CONCLUSION

In conclusion, we vacate defendant's burglary conviction and remand the cause for sentencing on the remaining convictions.

Vacated and remanded.

ZENOFF, P.J., and O'MALLEY, J., concur.