# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Lee*, 2011 IL App (2d) 100205

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KUN LEE, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2–10–0205 |
| Filed | June 29, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was charged with aggravated criminal sexual assault and unlawful restraint in one case and he was also indicted for residential arson in a separate case, but the residential arson indictment was dismissed after he was convicted and sentenced in the first case and then he was reindicted on the residential arson charge after his convictions in the first case were reversed on appeal, the trial court's order granting defendant's motion to dismiss the indictment charging residential arson on the ground of prosecutorial vindictiveness based on the trial court's holding that the State did not meet its burden of establishing that it was not being vindictive was reversed, since the State's decision to reindict defendant did not trigger a presumption of prosecutorial vindictiveness, the residential arson charge was a separate crime based on entirely different facts, the refiling of the charge occurred in a pretrial setting in which the presumption of vindictiveness is not favored, and defendant provided no evidence that the prosecutor had an animus or retaliatory motive for reindicting him or that the reindictment would not have occurred in the absence of animus or motive. |

| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09–CF–928; the Hon. George Bridges, Judge, presiding. |
|---|---|
| | |
| Judgment | Reversed and remanded. |
| | |
| Counsel on Appeal | Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | Jed H. Stone and John Curnyn, both of Stone & Associates, of Waukegan, for appellee. |
| | |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion. Justices Zenoff and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Kun Lee, was charged with aggravated criminal sexual assault and unlawful restraint. 720 ILCS 5/12–14(a)(1), 10–3(a) (West 2004). In a separate case, he was also indicted for residential arson. 720 ILCS 5/20–1.2(a) (West 2004). The first case proceeded to trial, and a jury convicted defendant of aggravated criminal sexual assault (720 ILCS 5/12–14(a)(1) (West 2004)) and unlawful restraint (720 ILCS 5/10–3(a) (West 2004)). He was sentenced to concurrent terms of 10 years and 3 years' imprisonment, respectively. After defendant was sentenced, the State dismissed the residential arson indictment. On appeal, this court reversed defendant's convictions and remanded for a new trial. *People v. Lee*, No. 2–07–0100 (2008) (unpublished order under Supreme Court Rule 23). The State subsequently reindicted defendant for residential arson. See 720 ILCS 5/20–1.2(a) (West 2004). Defendant filed a motion to dismiss the indictment on the ground of prosecutorial vindictiveness. The trial court held that the State did not meet its burden of establishing that it was not being vindictive; therefore, it granted defendant's motion. For the following reasons, we reverse and remand.

¶ 2                                    I. FACTS
¶ 3    The record reflects that the aggravated criminal sexual assault and unlawful restraint charges were filed based upon allegations that defendant attacked his wife, Sun Yung Lee,

on November 9, 2005. Those charges were assigned felony case number 05–CF–4654. The residential arson charge was based upon an allegation that defendant set fire to his wife's home on November 22, 2005. That charge was assigned felony case number 05–CF–4612.

¶ 4    On December 19, 2008, this court reversed defendant's convictions of aggravated criminal sexual assault and unlawful restraint and remanded for a new trial after holding that the trial court erred in denying defendant's request to proceed *pro se* at trial. See *People v. Lee*, No. 2–07–0100 (2008) (unpublished order under Supreme Court Rule 23).

¶ 5    On March 4, 2009, the State obtained a new indictment on the residential arson charge, in case No. 09–CF–928. At a hearing on April 29, 2009, the trial court asked if this was the old case refiled. Defense counsel responded that the trial court was correct. The trial court then noted that the prosecutor who had been assigned to this case, Assistant State's Attorney Kenneth LaRue, was in the military reserves and had been called to active duty in Iraq or Afghanistan, and that Assistant State's Attorney Brett Henne was now the prosecutor assigned to this case.

¶ 6    On October 7, 2009, defendant filed two motions to dismiss the residential arson indictment. In the first motion, defendant argued that the arson charge should be dismissed on statute-of-limitations grounds. In the second motion, defendant claimed that the case should be dismissed because his due process rights were violated when the reindictment was motivated by prosecutorial vindictiveness.

¶ 7    At the hearing on the motions to dismiss, defendant argued that the law was clear that the State must, from the record, establish a reason for the refiling of this case. In response, Henne disagreed and argued that, in order to prove prosecutorial vindictiveness, the trial court must first find that there was a realistic likelihood of vindictiveness in the State's exercise of its discretionary prosecuting power. Henne argued that defendant had not produced any evidence, in the form of the transcript of when the case was originally dismissed or when it was refiled, of any realistic likelihood of vindictiveness. When asked by the trial court why the State did not proceed on the residential arson charge, Henne responded that he did not have an answer. Henne also said that he did not know why the case was refiled, either, and that LaRue refiled the case.

¶ 8    After hearing the parties' arguments, the trial court granted defendant's first motion to dismiss the residential arson charge, since the statute of limitations had run. With regard to the motion to dismiss for prosecutorial vindictiveness, the trial court stated:

"[T]he court also looked at the issue of the re-indictment. The fact it was re-indicted and the alleged vindictiveness of the State's refiling of that case and the case law is clear once a defendant pursues this motion the State does have the burden to establish to the court that they were not being vindictive because of his successful application of his appellate rights.

    The State's response of not knowing why they did not proceed on this matter here nor knowing why it was re-indicted, it is this Court's assessment that it does not alleviate the potential for vindictiveness in reinstatement of this charge. I believe it's a violation of defendant's due process rights in this case here. So both under the statute of limitations and the vindictive matters I will dismiss the counts [*sic*] in 09 CF 928."

¶ 9       The State filed motions to reconsider the trial court's orders granting defendant's motions to dismiss. After a hearing, the trial court granted the State's motion on the statute-of-limitations issue, but denied the State's motion with respect to prosecutorial vindictiveness. The State appeals.

¶ 10                                          II. ANALYSIS

¶ 11      On appeal, the State argues that the trial court committed reversible error when it dismissed the indictment on the residential arson charge on the basis of prosecutorial vindictiveness. Specifically, it alleges that, where there was no evidence presented to show a reasonable basis to support a claim of vindictive prosecution regarding defendant's reindictment, the presumption of regularity in the affairs and conduct of the prosecutor's office was unrebutted. Under such circumstances, the State contends, dismissing the indictment was reversible error, especially where such reindictment bore no relationship to defendant's successful appeal in a separate case. As support for this proposition, the State cites to *People v. Hall*, 311 Ill. App. 3d 905 (2000).

¶ 12      In response, defendant contends that the trial court properly found prosecutorial vindictiveness when the State reindicted defendant for residential arson after he had successfully appealed another matter. Specifically, he argues that Illinois law provides that the State bears the burden of demonstrating objective, on-the-record facts that justify a decision to prosecute charges that had been previously nol-prossed. As support for his contention, defendant cites to *People v. Johnson*, 102 Ill. App. 3d 1056 (1981), and *People v. Stafford*, 325 Ill. App. 3d 1069 (2001).

¶ 13      It is well established that a prosecutor violates the due process clause of the fifth amendment by exacting a price for a defendant's exercise of an established right, or by punishing a defendant for doing what the law plainly entitles him to do. See *United States v. Goodwin*, 457 U.S. 368, 372 (1982). Therefore, if a prosecutor responds to a defendant's successful exercise of his right to appeal by bringing a more serious charge against him, he acts unconstitutionally. *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) (citing *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974)). Indeed, "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, [citation], and for an agent of the [government] to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.' [Citation.]" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). A finding of prosecutorial vindictiveness is remedied through dismissal of the criminal charges brought against a defendant. *People v. Flanagan*, 201 Ill. App. 3d 1071, 1078 (1990).

¶ 14      To establish prosecutorial vindictiveness, a defendant must demonstrate, through objective evidence, that: (1) the prosecutor acted with genuine animus or retaliatory motive toward the defendant; and (2) the defendant would not have been prosecuted but for that animus or motive. *Hall*, 311 Ill. App. 3d at 912.

¶ 15      If a defendant is unable to prove an improper motive with direct evidence, he may still present evidence of circumstances from which an improper vindictive motive may be presumed. However, to invoke such a presumption, a defendant must show that the

circumstances "pose a realistic likelihood of 'vindictiveness.' " *Blackledge*, 417 U.S. at 27. When a presumption of vindictiveness is warranted, the burden shifts to the government to present objective evidence justifying its conduct. *Goodwin*, 457 U.S. at 374. Since the presumption of vindictiveness must be applicable to all cases presenting the same circumstances, it will rarely, if ever, be applied to a prosecutor's pretrial decisions. *Goodwin*, 457 U.S. at 381. Indeed, a prosecutor's charging decision is presumptively lawful. See *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Based upon the broad discretion given prosecutors, and the wide range of factors that may properly be considered in making pretrial prosecutorial decisions, "[a] prosecutor should remain free before trial to exercise [that] broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Goodwin*, 457 U.S. at 382.

¶ 16   Vindictive-prosecution claims can present questions of both law and fact. Therefore, we will review the trial court's legal conclusions in these matters *de novo*. *Hall*, 311 Ill. App. 3d at 910. However, when presented with questions of fact, we will reverse such findings only if they are against the manifest weight of the evidence. *People v. Close*, 238 Ill. 2d 497, 504 (2010).

¶ 17   In response to the State's argument that no presumption of prosecutorial vindictiveness should apply in this case, defendant claims that Illinois law provides that the State bears the burden of demonstrating objective, on-the-record facts that justify a decision to prosecute charges that had previously been nol-prossed. As support for this contention, defendant cites to *Johnson* and *Stafford*.

¶ 18   Defendant asserts that the *Johnson* case is most factually similar to the instant case. In *Johnson*, the defendant was indicted on charges of armed robbery, attempted murder, and aggravated battery. Ill. Rev. Stat. 1977, ch. 38, ¶¶ 18–2, 8–4(a), 12–4. However, the State chose to proceed to trial on only the armed robbery charge. The defendant was convicted of armed robbery, but his conviction was reversed on appeal. *People v. Johnson*, 76 Ill. App. 3d 147 (1979). On remand, the State reindicted the defendant for attempted murder and aggravated battery, but proceeded to trial on only the aggravated battery and armed robbery charges; the attempted murder charge was nol-prossed. After trial, the defendant was convicted of aggravated battery and armed robbery. On appeal, this court held that where there was a reasonable likelihood of vindictiveness, which was present in *Johnson*, the State bore the burden of pointing to objective, on-the-record facts that justified its decision. *Johnson*, 102 Ill. App. 3d at 1060-61. After finding that the State's actions were vindictive, the court vacated the aggravated battery conviction. *Johnson*, 102 Ill. App. 3d at 1062.

¶ 19   We disagree with defendant that the facts in *Johnson* are similar to the instant case. Although both cases involve the refiling of charges, that is where the similarity ends. In *Johnson*, the charges against the defendant all arose as part of one criminal prosecution. Here, on the other hand, the record is clear that the residential arson charge was completely separate from the other charges faced by defendant. The aggravated criminal sexual assault and unlawful restraint charges were based upon allegations that defendant attacked his wife on November 9, 2005. Those charges were assigned felony case number 05–CF–4654. The residential arson charge was based upon an allegation that defendant set fire to his wife's home 13 days later, on November 22, 2005. That charge was assigned felony case number

05–CF–4612. It is logical to assume that, after defendant received imprisonment terms of 10 years and 3 years in case number 05–CF–4654, the State chose to nol-pros the residential arson charge in order to conserve prosecutorial resources. See *Goodwin*, 457 U.S. at 381 (a prosecutor may forgo legitimate charges already brought, in an effort to save the time and expense of a trial). However, we need not determine the motives of the State in dismissing the indictment for residential arson, given that the refiling of that charge occurred in a pretrial setting because the charge never went to trial. In such a pretrial setting, no presumption of vindictiveness is present. See *Goodwin*, 457 U.S. at 381.

¶ 20    Defendant also cites to *Stafford* to support his claim that the presumption of prosecutorial vindictiveness applied when the State chose to reindict defendant for residential arson. In *Stafford*, the grand jury indicted the defendant for, *inter alia*, two counts of first-degree murder and five counts of attempted first-degree murder. Before trial, the State dismissed all five counts of attempted first-degree murder. After trial, the defendant was convicted of first-degree murder. On appeal, the court held that the defendant's statements to the police on the night of his arrest were not voluntary, and it remanded for a new trial. *People v. Stafford*, No. 1–96–1307 (1998) (unpublished order under Supreme Court Rule 23). On remand, the State proceeded to trial on the first-degree murder charges, as well as the five counts of attempted first-degree murder. The State did not reindict the defendant on the dismissed charges. At the close of trial, the trial court decided not to allow the jury to be instructed on the attempted first-degree murder charges, and the defendant was again convicted of first-degree murder. In reversing and remanding for a new trial on the first-degree murder charges, the appellate court held that the State violated the defendant's constitutional rights to due process and a fair trial by proceeding against him on the five dismissed charges. *Stafford*, 325 Ill. App. 3d at 1074-75.

¶ 21    With regard to the five counts of attempted first-degree murder, the *Stafford* court advised the parties that the appellate court has held that prosecutorial vindictiveness occurs when reindictment would subject a defendant to increased sanctions, or when reindictment takes place after the State has terminated part of an indictment by way of a motion for an order of *nolle prosequi* and the defendant has successfully appealed his conviction. *Stafford*, 325 Ill. App. 3d at 1075. Under such circumstances, the *Stafford* court held, reindictment is vindictive because the State is retaliating for the defendant's successful appeal. *Stafford*, 325 Ill. App. 3d at 1075. In that situation, the State bears the burden of demonstrating objective, on-the-record facts that justify a decision to prosecute charges previously dismissed. *Stafford*, 325 Ill. App. 3d at 1075 (citing *Johnson*, 102 Ill. App. 3d at 1061).

¶ 22    Again, we find that the ruling in *Stafford*, like the ruling in *Johnson*, is inapplicable to the facts of the instant case. This case is not one in which reindictment subjected defendant to increased sanctions, or where the reindictment took place after the State dismissed part of an indictment and defendant successfully appealed his conviction. The case at hand is simply one in which defendant committed completely separate offenses, on separate days, and had separate felony cases filed against him. His successful appeal in one case had absolutely no bearing on his other case. Further, since the residential arson case had never gotten to trial, the reindictment took place in a pretrial setting and in no way triggered a presumption of vindictiveness.

¶ 23    This court has recently reviewed the issue of prosecutorial vindictiveness, in *People v. Brexton*, 405 Ill. App. 3d 989 (2010). In *Brexton*, we held that the State acted vindictively when it filed an additional, more serious charge of burglary after the defendant successfully exercised his right to withdraw his guilty plea to a charge of retail theft. In vacating the burglary conviction, this court held that, when the prosecution brings additional and more serious charges after the defendant has been convicted, subjecting him to greater sanctions, there is a presumption of prosecutorial vindictiveness. *Brexton*, 405 Ill. App. 3d at 996. Further, since there was no discussion of the burglary charge during the initial plea negotiations, and the State raised no additional facts or circumstances warranting the new charge, the State failed to overcome the presumption of vindictiveness. *Brexton*, 405 Ill. App. 3d at 997.

¶ 24    By contrast, in this case, the State had charged defendant with residential arson *before* this court reversed defendant's convictions of aggravated criminal sexual assault and unlawful restraint. Under these facts, vindictiveness principles were not triggered. See *Brexton*, 405 Ill. App. 3d at 994 (vindictiveness principles are triggered when a prosecutor, without notice, increases the possible sanction for no valid reason after the defendant has exercised a procedural right (citing *People v. Walker*, 84 Ill. 2d 512, 523-24 (1981))). Here, the State was not increasing a sanction for no valid reason. As we have held, the State was merely exercising its prosecutorial discretion in reindicting defendant for a charge that he had already been indicted for previously, in a pretrial setting, in a separate felony case.

¶ 25    To support its contention that the trial court committed reversible error here, the State cites to *Hall*. In *Hall*, the defendant was charged with driving under the influence (DUI) and improper lane usage. 625 ILCS 5/11–501(a)(1), 11–709(a) (West 1996). The defendant was also charged with a municipal offense of battery. Champaign Municipal Code § 23–42. On the day of trial, the State moved to continue the case because it had learned at the last minute that the breath test taken by the defendant was not properly certified. The trial court denied the motion to continue, and the State dismissed the DUI and improper-lane-usage charges. Later that same day, the State filed against the defendant a felony charge of aggravated battery. 720 ILCS 5/12–4(b)(8) (West 1994). The trial court granted the defendant's motion to dismiss, finding the State's conduct to be presumptively vindictive. On appeal, the appellate court reversed the trial court's order granting the motion to dismiss and remanded for a determination of actual vindictiveness. *People v. Hall*, No. 4–97–0111 (1997) (unpublished order under Supreme Court Rule 23).

¶ 26    In remanding the cause, the *Hall* court cited to *Goodwin*, which stated that, when a presumption of vindictiveness is not warranted, "a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." (Internal quotations marks omitted.) (Emphasis omitted.) *Hall*, 311 Ill. App. 3d at 909 (quoting *Goodwin*, 457 U.S. at 384). On remand, the trial court conducted a hearing and again granted the defendant's motion to dismiss, finding objective evidence of prosecutorial vindictiveness. The State appealed again, and the appellate court reversed the dismissal of the aggravated battery charge when it found no evidence of actual vindictiveness. *Hall*, 311 Ill. App. 3d at 915.

¶ 27    In *Hall*, the addition of a new felony charge against the defendant, after the State had nol-

prossed the DUI and improper-lane-usage charges, occurred in a pretrial setting, which, under *Goodwin*, did not trigger the presumption of vindictiveness. *Goodwin*, 457 U.S. at 381. Likewise, in the instant case, the refiling of the residential arson charge after it had been dismissed, and having no connection whatsoever to the other charges filed against defendant, also occurred in a pretrial setting, and therefore a presumption of vindictiveness cannot be placed on the State.

¶ 28 A review of case law from other jurisdictions indicates a general concurrence that no presumption of vindictiveness arises where the State indicts a defendant following a successful appeal from an unrelated conviction. For example, in *Williams v. Bartow*, 481 F.3d 492 (7th Cir. 2007), the Seventh Circuit affirmed the district court's denial of the defendant's petition for *habeas corpus*. One of the issues that the defendant raised in his petition was a claim of prosecutorial vindictiveness. The defendant claimed that, after he was convicted of sexual assault of a child and he successfully appealed that conviction, the state vindictively added new charges of sexual assault against two other children on retrial when he declined to enter into a plea agreement relating to the originally charged offense. The defendant had already raised this issue on direct appeal and the Wisconsin Court of Appeals had found it to be meritless. See *State v. Williams*, 2004 WI App 56, 677 N.W.2d 691.

¶ 29 In reviewing the issue of prosecutorial vindictiveness, the *Williams* court agreed with the state court of appeals that this situation was different from a *Blackledge* type of claim, where, following a defendant's successful appeal, greater punishment is sought by a prosecutor. *Williams*, 481 F.3d at 501 (citing *Blackledge*, 417 U.S. at 25-29). By contrast, in *Williams*, the prosecutor had decided to charge the defendant with "an entirely different crime, based on entirely different facts," and those new crimes occurred in a different time period than the original crime charged. *Williams*, 481 F.3d at 501. The court then held that "when the prosecutorial conduct involves *other* criminal conduct, the defendant must demonstrate actual vindictiveness rather than relying on the presumption recognized in *Blackledge*." (Emphasis in original.) *Williams*, 481 F.3d at 502.

¶ 30 The Ninth Circuit has also reached the same conclusion. In *United States v. Martinez*, 785 F.2d 663, 669 (9th Cir. 1986), the court held that, if the additional charge "aris[es] out of the same nucleus of operative facts as the original charge," a presumption of vindictiveness is raised. If, however, the new charge is unrelated to the original charges, the presumption does not arise. (Internal quotation marks omitted.) The *Martinez* court correctly noted that nothing in *Blackledge* "presumed to give the defendant a free ride for separate crimes he may have committed, or to prevent a prosecutor from bringing new charges as a result of changed or altered circumstances which properly bear on prosecutorial discretion." (Internal quotation marks omitted.) *Martinez*, 785 F.2d at 669.

¶ 31 It is clear from our review of the pertinent case law, on both the state and federal levels, that the State's decision here to reindict defendant for residential arson after he had successfully appealed his convictions of aggravated criminal sexual assault and unlawful restraint did not trigger a presumption of prosecutorial vindictiveness. The residential arson charge was an entirely different crime, based upon entirely different facts and which occurred on a different day than the previous crimes. Further, the original residential arson indictment was dismissed in a separate case from the other crimes charged, and the refiling of that

charge occurred in a pretrial setting, in which a presumption of vindictiveness is not favored. See *Goodwin*, 457 U.S. at 381. Accordingly, the trial court erred in ruling that such a presumption existed.

¶ 32 Since we have held that a presumption of vindictiveness did not exist, we turn to the issue of whether defendant proved actual vindictiveness on the part of the prosecution. Our review of the record indicates that defendant provided no evidence that the prosecutor had an animus or retaliatory motive when he reindicted defendant for residential arson, or any evidence that the reindictment would not have occurred absent that animus or motive. See *Hall*, 311 Ill. App. 3d at 912. Since there was no proof of actual vindictiveness, we reverse the trial court's order granting defendant's motion to dismiss the residential arson indictment, and we remand this cause for further proceedings consistent with this opinion.

¶ 33 The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

¶ 34 Reversed and remanded.