**139 Nev., Advance Opinion 35**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KELLY WAYNE PATTERSON,
Petitioner,
vs.
LAS VEGAS MUNICIPAL COURT; AND
THE HONORABLE CEDRIC A. KERNS,
Respondents,
    and
CITY OF LAS VEGAS,
Real Party in Interest.

No. 86108

FILED

SEP 21 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a municipal court order denying a motion for attorney fees and litigation expenses under NRS 41.0393.

*Petition denied.*

Stephen P. Stubbs, Henderson,
for Petitioner.

Bryan K. Scott, City Attorney, and Bobby Anderlik, Deputy City Attorney, Las Vegas,
for Real Party in Interest City of Las Vegas.

American Civil Liberties Union (ACLU) of Nevada and Christopher M. Peterson, Las Vegas,
for Amicus Curiae ACLU of Nevada.

Randolph M. Fiedler, Las Vegas,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

BEFORE THE SUPREME COURT, STIGLICH, C.J., and LEE and BELL, JJ.

*OPINION*

By the Court, STIGLICH, C.J.:

NRS 41.0393 permits the award of attorney fees and litigation expenses to a criminal defendant, as the prevailing party, in limited circumstances. Petitioner Kelly Patterson faced criminal charges in Las Vegas Municipal Court. After the charges were dismissed and withdrawn, Patterson sought attorney fees and litigation expenses as the prevailing party under NRS 41.0393. The municipal court denied that request, concluding that it lacked authority to award such fees and expenses. Because NRS 41.0393(8) specifically defines the courts that may award such fees and expenses as district courts and justice courts, we agree with the municipal court that it lacked authority to award attorney fees and litigation expenses. Accordingly, we deny Patterson's writ petition challenging the municipal court's decision.[1]

## *FACTS AND PROCEDURAL HISTORY*

Patterson runs a website that posts videos of Las Vegas police officers performing their duties. While filming a police officer, Patterson was arrested and charged with obstructing a police officer and a traffic violation. Patterson successfully moved to dismiss the obstruction charge, and thereafter, real party in interest City of Las Vegas withdrew the traffic violation charge.

Patterson then filed an application for attorney fees and litigation expenses under NRS 41.0393, which the City opposed. The

---

[1]Patterson additionally brought this petition against the Las Vegas Metropolitan Police Department. We previously denied the petition as to that party.

 

municipal court denied Patterson's request, concluding that municipal courts lack authority to award fees and expenses under NRS 41.0393. Patterson appealed the decision to the district court, which agreed with the municipal court and denied Patterson's appeal. Patterson filed the immediate writ petition, and the City filed an answer in opposition.[2] Additionally, the American Civil Liberties Union of Nevada and Nevada Attorneys for Criminal Justice were permitted to brief the issue as amici curiae, and we considered that briefing in resolving this matter except to the extent that amici raised issues that were not raised in Patterson's writ petition.

## DISCUSSION

*We exercise our discretion to entertain the writ petition*

"This court has original jurisdiction to issue writs of mandamus." *Gardner v. Eighth Judicial Dist. Court*, 133 Nev. 730, 732, 405 P.3d 651, 653 (2017) (internal quotation marks omitted). A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. "Writ relief is an extraordinary remedy that is only available if a petitioner does not have a plain, speedy and adequate remedy in the ordinary course of law." *In re William J. Raggio Family Tr.*,

---

[2]Patterson's petition for a writ of mandamus also addresses a vindictive-prosecution claim that he raised in district court. Given that the criminal case against him has been dismissed, we conclude that no further remedy is available to Patterson as to the vindictive-prosecution claim. *See People v. Kun Lee*, 954 N.E.2d 338, 342 (Ill. App. Ct. 2011) ("A finding of prosecutorial vindictiveness is remedied through dismissal of the criminal charges brought against a defendant.").

136 Nev. 172, 175, 460 P.3d 969, 972 (2020) (internal quotation marks omitted); *see also* NRS 34.170. "This court has considered writ petitions when doing so will clarify a substantial issue of public policy or precedential value, and where the petition presents a matter of first impression and considerations of judicial economy support its review." *Washoe Cty. Human Servs. Agency v. Second Judicial Dist. Court*, 138 Nev., Adv. Op. 87, 521 P.3d 1199, 1203 (2022) (internal citations and quotation marks omitted).

Patterson availed himself of an available alternative remedy—an appeal to the district court. In similar circumstances, we generally have declined to entertain a writ petition so as not to undermine the district court's appellate jurisdiction. *See State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 134, 994 P.2d 692, 696 (2000). Nevertheless, we have considered such petitions in limited circumstances, particularly when a significant issue otherwise will evade this court's review. *See Hildt v. Eighth Judicial Dist. Court*, 137 Nev. 121, 123, 483 P.3d 526, 529 (2021). We conclude that the issue of first impression raised by Patterson's petition—whether municipal courts can award fees and expenses under NRS 41.0393—presents such a circumstance and, thus, judicial economy supports our consideration of this petition.

*Municipal courts cannot award fees and expenses under NRS 41.0393*

When interpreting a statute, we first look to its plain language. *Smith v. Zilverberg*, 137 Nev. 65, 72, 481 P.3d 1222, 1230 (2021). "[I]t is well settled that where the language of a statue is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction." *Local Gov't Emp.-Mgmt. Relations Bd. v. Educ. Support Emps. Ass'n*, 134 Nev. 716, 721, 429 P.3d 658, 662-63 (2018) (internal quotation marks omitted).

The plain language of NRS 41.0393 is clear and unmistakable. NRS 41.0393(1) provides that "[a] court may, in a criminal action, award to a prevailing party, other than the State, reasonable attorney's fees and litigation expenses incurred by the party in the criminal action if the court finds that the position of the State was vexatious, frivolous or in bad faith." NRS 41.0393(8) further provides that, as used in this statute, "'[c]ourt' means a district court or justice court." Accordingly, under the plain language of NRS 41.0393, the authority to award attorney fees and litigation expenses to the prevailing party in a criminal action is specifically limited to district courts and justice courts. As a result, we need not look past the plain language of the statute to the legislative history or public policy in our interpretation of NRS 41.0393, as Patterson requests. *See, e.g.,* *McGrath v. State, Dep't of Pub. Safety*, 123 Nev. 120, 123-24, 159 P.3d 239, 241 (2007) (explaining that this court need only consider legislative intent and public policy in interpreting a statute if the statute is ambiguous).

Further, we are not persuaded by Patterson's argument that other statutes compel a different result. In particular, Patterson points to NRS 5.073 and NRS 266.550. NRS 5.073(1) provides that "[t]he practice and proceedings in the municipal court must conform, as nearly as practicable, to the practice and proceedings of justice courts in similar cases. . . . The municipal court must be treated and considered as a justice court whenever the proceedings thereof are called into question." NRS 266.550(1) provides that "[t]he municipal court shall have such powers and jurisdiction in the city as are now provided by law for justice courts . . . ." These two statutes generally treat the municipal courts the same as justice courts and address the powers of municipal courts in general, but they do not control whether municipal courts have authority to award attorney fees

SUPREME COURT
OF
NEVADA

5

(O) 1947A

and costs to the prevailing party in a criminal action because the more specific statute, NRS 41.0393, governs this issue. *See State, Tax Comm'n, ex rel. Nev. Dep't of Taxation v. Am. Home Shield of Nev., Inc.*, 127 Nev. 382, 388, 254 P.3d 601, 605 (2011) ("A specific statute controls over a general statute."). Thus, we cannot look past the plain language of NRS 41.0393 to either NRS 5.073 or NRS 266.550 for a different result.

*CONCLUSION*

The plain language of NRS 41.0393 limits the courts that may award attorney fees and litigation expenses in a criminal action to district courts and justice courts. Municipal courts were not included in NRS 41.0393(8)'s definition of the term "court." Thus, we conclude that municipal courts lack authority under NRS 41.0393 to award attorney fees and litigation expenses to the prevailing party in a criminal action. Therefore, the municipal court correctly denied Patterson's request for fees and expenses, and the district court properly denied Patterson's appeal.[3] Accordingly, we deny Patterson's petition for a writ of mandamus.

_____, C.J.
Stiglich

We concur:

_____, J.
Lee

_____, J.
Bell

---

[3]This opinion does not foreclose any other remedies that may be available to Patterson, as it impacts only the relief he sought under NRS 41.0393.

